Thomas B. Johnston v. John J. Cathro.

*Unorganized counties—School taxes.*

Act 358 of 1877 "to incorporate the public schools of the township of Long Rapids" provides that the territory within the township of Long Rapids, in Alpena county, be *set off* from Union school district No. 1 of the township of Alpena. The adjacent county of Montmorency had previously been attached to the township of Long Rapids for judicial, and therefore, for all legal, purposes. Comp.

L. §§ 120, 449. Act 358 made the town clerk of Long Rapids, who might, under this arrangement, be a resident of Montmorency county, the clerk of the board of education, and provided that the trustees should meet and the records be kept at his office, which also might be in that county; it also made the township and school elections take place at the same time and on the same tickets; and it apportioned the debt of the old Union school district Number 1 of Alpena township between that district and the new one, according to proportions fixed by the assessment rolls of the two townships on the basis of the aggregate valuation of Long Rapids, which for that purpose, covered the unorganized county. *Held*, that the new school district of Long Rapids would include the territory of Montmorency county; and that school taxes for that district were properly levied on property in that county.

Error to Alpena. (Green, J.) June 6.—June 20.

TROVER. Plaintiff brings error. Affirmed.

*J. D. Turnbull* for appellant.

*J. B. Clayberg* for appellee.

COOLEY, J. This case originated in justice's court, and was removed to the circuit court by appeal. When the case came to trial in that court, the facts were stipulated as follows :

" *Thomas B. Johnston v. John J. Cathro.*

Trespass. Appeal from justice court.

It is hereby stipulated and agreed by the parties hereto, by their respective attorneys, that this case shall be submitted for trial upon the following agreed state of facts :

1st. That in 1879, and previous thereto, the unorganized county of Montmorency was attached to Alpena county for judicial and municipal purposes.

2d. That during all of 1879, and at the time of the commencement of this suit, the township of Long Rapids, Alpena county, included for said purposes all the territory in said Montmorency county, in ranges one, two, three, and four east in townships 31 and 32 north.

3d. That in 1879 plaintiff was a resident of that portion of the township of Long Rapids lying in said Montmorency county, and the property of plaintiff's, upon which the tax in this case was assessed, was situated in said Montmorency

county at the time of assessing the same; also, at the time of the collection of the tax thereon.

4th. That in 1877 the Legislature of the State passed an act, No. 358, found upon page 491 of the Local Acts of said year, which said act is hereby made a part of this stipulation; that it is by virtue of this said act that the public schools of the township of Long Rapids claim the right to assess school taxes upon plaintiff's property situated in said Montmorency county, as aforesaid; that previous to the passage of said act, Union School-district No. one of the township of Alpena embraced only the territory situated within Alpena county.

5th. That in 1879 the supervisor of said township of Long Rapids spread upon the tax roll thereof the tax raised for the support of said public schools of Long Rapids, upon all the taxable property in said township of Long Rapids, including the property situated in both counties, thus making all the taxable property in Montmorency county included in the ranges aforesaid contribute to the support of said public schools, the same as the property of said township lying in Alpena county.

6th. That defendant was treasurer of said township of Long Rapids during said year of 1879, and as such treasurer, after demand being made by him upon plaintiff for the payment of said school taxes assessed as aforesaid against plaintiff, and after refusal of plaintiff to pay the same, said defendant levied upon the property (certain oats) of plaintiff, mentioned in the declaration in this cause, of the value of eleven dollars and twenty-five cents, and sold the same to satisfy said school tax.

7th. That plaintiff paid the two-mill tax, and only refused to pay said school tax, assessed as aforesaid, for the support of said public schools; that no damages are claimed, aside from the value of the property levied upon and sold as aforesaid; that no question is raised as to any formal defects of the tax roll under which defendant acted and justifies.

8th. That immediately after the organization of the public schools of the township of Long Rapids, under Act No. 358, residents of that portion of the township of Long Rapids which lies in said Montmorency county, petitioned the school board of Long Rapids township, praying that they purchase sites and build school-houses and maintain schools in that part of said township; that in compliance with such petitions the public schools of the township of Long Rapids purchased school-house sites and built school-houses in said territory, and have ever since that time

maintained schools therein, paying all expenses out of the funds of the said public schools of the township of Long Rapids; that ever since the organization of said public schools of the township of Long Rapids, said corporation has exercised full control over that part of the said township which lies in Montmorency county, for school purposes, the same as over that part of said township in Alpena county."

The question which arises upon these facts is, whether Act No. 358 of the Local Acts of 1877 "to incorporate the public schools of the township of Long Rapids" included within the school-district, thereby organized, the territory of the unorganized county of Montmorency. If it did, the school tax in question was lawfully assessed, and the suit must fail. The circuit judge ruled that it did, and gave judgment for defendant.

The Act begins by providing that "the territory embraced within the township of Long Rapids, in the county of Alpena, be and the same is hereby set off from Union School district number one, of the township of Alpena, and declared to be a single school-district, which shall be a body corporate by the name and style of The Public Schools of the Township of Long Rapids." At the time of the passage of this act the unorganized county of Montmorency was attached to Long Rapids for judicial purposes, and was therefore to be deemed a part of it for all legal purposes. Comp. L. §§ 120, 449. If nothing else appeared in the act to cast doubt upon the intent, this fact would seem to be conclusive. But the act purports to "set off" the new district from Union School-district number one of the township of Alpena; and this indicates a legislative intent to include within the new district no territory not before within the district, which was divided in making it, and it seems that the unorganized county was not within the old district. One of these facts favors the view of the plaintiff quite as strongly as the other favors that of the defendant; and neither is conclusive. But other parts of the act seem to put beyond question the intention that Montmorency county should be included. The act provides that the township clerk of Long Rapids shall be clerk of the Board

of Education; the meetings of the trustees are to be at his office, and the records are to be kept there. §§ 4, 5 and 6. But an elector in Montmorency county is eligible to this office; so that on the construction put upon the act by the plaintiff, an important officer of the corporation might not be a corporator, and the official board would hold its meetings outside the district. The township elections are also made the school elections, and the votes for trustees are to be upon the same tickets and canvassed in the same manner as the votes for township officers. § 2. As ballots are secret and the election officers have no authority to inspect before depositing them in the box, any elector, whether living within the township of Long Rapids proper, or within the attached unorganized territory, would have it in his power to vote for trustees, and the election officers would have no means of distinguishing the ballots of those who were from the ballots of those who were not entitled to vote for school officers. Then section seven of the act provides for apportioning the indebtedness of Union School-district No. One of the township of Alpena between the old and the new districts according to proportions which were to be determined by the assessment rolls of the two townships for the year 1878; taking for this purpose the aggregate valuation of Long Rapids, which would include the unorganized county. This neither would nor could have been done if the unorganized county was to be no part of the new district.

The judgment must be affirmed with costs.

The other Justices concurred.