41  749
112  399

## MARY J. CILLEY v. HARVEY BURKHOLDER.

*Contract—Measure of Damages—Oral Land Contract.*

An oral agreement for the purchase of land can be enforced in equity after the purchaser has been in possession under it and removed timber; and the latter cannot maintain an action to recover back the amount he has paid on it.

C and B made a written contract by which B was to manufacture lumber, and on settlement was to apply part of the amount due him, in payment for land which he occupied under an oral agree-

ment to buy it from C, and from which he cut timber. But on final settlement he refused a deed and sued for the amount that was to have been applied in payment for the land. *Held* that he could not recover the amount under his contract, but could only recover a reasonable saw-bill which could not be measured by contract rates.

Error to Tuscola. Submitted October 9. Decided October 28.

Assumpsit. Defendant brings error.

*Black & Quinn* for plaintiff in error cited *McMurtrie v. Bennette,* Har. Ch., 124; *Malins v. Brown,* 4 Comst., 403; *Smith v. Smith,* 1 Rich. Eq., 130; Browne Stat. of Frauds, § 122.

*Atwood & Atwood* for defendant in error.

Marston, J. On the 26th day of November, 1877, a written agreement was entered into between the parties in this case, under which Burkholder was to operate the saw mill of Mrs. Cilley and manufacture all logs put into the mill yard by her, and for which he was to receive two dollars per thousand. Of this amount one-fourth was to be retained by Mrs. Cilley until the time of settlement, and Burkholder was then to apply one hundred dollars of the amount so retained by Mrs. Cilley on a certain piece of land then occupied by him.

Mrs. Cilley did not put in quite as many logs as was contemplated under this agreement, and when the parties afterwards met and settled it was agreed that a balance of seventy-five dollars then in Mrs. Cilley's hands should be applied on the purchase of the land referred to.

The agreement in reference to the purchase of the land was not in writing. Burkholder was and remained in possession of the land, and while in possession under his oral agreement of purchase, he cut and skidded forty thousand feet of pine logs; of these some eight thousand feet were removed from off the land, manufactured into lumber and appropriated to his own use. After the parties had agreed that the seventy-five dollars should be retained by Mrs. Cilley and applied by her in

part payment of this land, a deed of conveyance of the same to Burkholder was prepared and executed by her and tendered to Burkholder but was not accepted by him.

Burkholder afterwards brought an action of assumpsit declaring upon the common counts, to recover this seventy-five dollars, and was permitted to recover, upon the theory that the oral contract for the sale of the land, not being in writing, was void, and that a payment made thereon could be recovered back, but that the defendant would be entitled to have the value of the logs removed from off the land by plaintiff deducted from the amount of his claim.

There are several objections to the right of plaintiff to recover upon the case made by him as appears from this record.

There was an express agreement made between these parties under which plaintiff was to operate defendant's mill, manufacture certain logs therein for her, for a certain price per thousand feet, one hundred dollars of which as earned was to be retained by the defendant and by her applied in part payment of certain lands, which afterwards by another agreement was reduced to seventy-five dollars and applied.

Such being the agreement, the plaintiff could not afterwards repudiate this agreement and thereby convert the amount so applied into a cash indebtedness to him.

Whether the agreement in relation to the land was binding in the first instance or not because not in writing, it is quite clear that there was no agreement made by defendant to pay plaintiff the agreed consideration for sawing the logs in money, nor would the law imply such an agreement, because of the invalidity of the land contract. The defendant was willing to allow the plaintiff a certain price per thousand for manufacturing logs for her into lumber, payable in a certain manner, but we cannot say that she would have been willing to have agreed to pay him the same price in money, or that she would have entered into any agreement with him had it not been that she expected thereby to retain and re-

ceive a part payment for the land which the plaintiff had taken possession of under his oral contract of purchase.

If the agreement which the parties made and the application of the payment made thereunder, was not binding because the agreement in relation to the land was not in writing, then plaintiff could only recover, if at all, a reasonable saw bill, and the rate agreed on in the written contract, because payable in a specific manner, would be no evidence in an action brought, not to recover upon the express but upon an implied contract. There was no evidence tending to show what the work done by plaintiff was reasonably worth, and the contract price could not be used for such purpose.

Under the oral agreement the plaintiff was permitted to remain in possession of the land, and while in possession and as owner under the contract, he cut valuable timber thereon, and thereby materially affected the value of the real estate. He could not surrender up possession thereof to the defendant and thereby restore to her all her rights in the premises. A person cannot enter into possession of real estate under an oral contract of purchase, make payments thereon, remove the buildings therefrom or other valuable portions of the freehold, and then maintain an action to recover back the payments made by him. The theory upon which he would seek to recover in such a case would be that the defendant had received and held money which in justice and equity belonged to the plaintiff because received without consideration. Such is not however this case. The plaintiff has had possession of the premises and has so materially affected and changed the freehold that the defendant cannot be restored to her original rights in the premises. We think there has been such a possession and part performance as would entitle the contract to be recognized and enforced in equity. *Scott v. Bush,* 26 Mich., 420.

We are of opinion that the judgment should be reversed with costs and a new trial ordered.

The other Justices concurred.