86  91
90  504

JAMES M. MUNRO v. ANNA L. EDWARDS.[1]

*Statute of frauds—Contract for sale of lands—Specific performance.*

1. The omission from a memorandum agreement for the sale of real estate, otherwise sufficient, of a provision for possession, is such a common incident of such a sale that it will not invalidate the agreement.

2. Where parties to an agreement have not expressly stipulated

---

[1] A rehearing was granted in this case, and it was re-argued and submitted July 2, 1891.

that performance at a particular time shall be an essential part of the agreement, and where from the nature and circumstances of the contract and the situation of the parties there would be no particular hardship upon the party against whom the execution of the contract is sought to be enforced, a court of equity, so far as performance at the time is concerned, will aid the party in default; citing *Bomier v. Caldwell*, 8 Mich. 463; *Morris v. Hoyt*, 11 Id. 9; *Richmond v. Robinson*, 12 Id. 193; *Converse v. Blumrich*, 14 Id. 109.

3. Courts have refused to enforce contracts which are unequal, where the consideration is inadequate, where the provisions are unreasonable, and where there are indications of overreaching or unfairness; citing *McMurtrie v. Bennette*, Har. Ch. 124; *Hawley v. Sheldon*, Id. 420; *Chambers v. Livermore*, 15 Mich. 381; *Maynard v. Brown*, 41 Id. 298; *McDonald v. Bewick*, 51 Id. 80; *Chapman v. Morgan*, 55 Id. 125; *Wardell v. Williams*, 62 Id. 50; *Hall v. Loomis*, 63 Id. 709.

4. An agreement, signed by the parties, by which one agrees to sell to the other a parcel of land fronting on Warren avenue, and being on the south-east corner of Crawford street, and having a frontage of 90 feet on Warren avenue, and running to the alley in the rear, and to furnish an abstract and a good and sufficient warranty deed, all for the sum of $5,150, payable $100 down, and $300 as soon as the abstract is completed, or within 14 days from the date of the contract, and $1,500 by the assumption by the vendee of a mortgage for that sum on the premises, which he agrees to assume, and the balance within six years, interest to be at six per cent. per annum, payable semi-annually, but containing no *express* agreement on the part of the vendee to pay or to buy, contains all of the essential elements of a contract, and its specific performance will be enforced in equity.

Appeal from Wayne. (Hosmer, J.) Argued February 12 and 13, 1891. Decided May 15, 1891.

Bill for specific performance of contract for sale of land. Complainant appeals. Decree reversed, and one entered in this Court for complainant. The facts are stated in the opinion.

*Haug & Yerkes*, for complainant.

*Alex. D. Fowler*, for defendant, contended:

1. It is not a matter of course to grant specific performance of a contract, but it is an exceptional and extraordinary remedy, as a party who complains of a breach of contract is supposed to have his remedy at law in the recovery of damages; citing *McMurtrie v. Bennette*, Har. Ch. 124; *Chambers v. Livermore*, 15 Mich. 388; *Buck v. Smith*, 29 Id. 166; *Rust v. Conrad*, 47 Id. 454; *Chapman v. Morgan*, 55 Id. 125; *Hall v. Loomis*, 63 Id. 711.

2. The contract must be complete and mutual, and the tie reciprocal, or a court of equity will not enforce performance; citing above cases, and *Hawley v. Sheldon*, Har. Ch. 420; *Maynard v. Brown*, 41 Mich. 298; *McDonald v. Bewick*, 51 Id. 80; *Bourget v. Munroe*, 58 Id. 565; *Wardell v. Williams*, 62 Id. 50; *Harrington v. Holcomb*, 75 Id. 540.

3. The memorandum must show the whole terms of the contract, those that bind the purchaser as well as those that bind the vendor, viz., that he is to give a mortgage, etc.; citing *Hall v. Soule*, 11 Mich. 497; *Abell v. Munson*, 18 Id. 306; *Palmer v. Rolling Mill Co.*, 32 Id. 274; *McEwan v. Ortman*, 34 Id. 325; *Gault v. Stormont*, 51 Id. 638; *Wilkinson v. Heavenrich*, 58 Id. 577; *Wardell v. Williams*, 62 Id. 50; *Webster v. Brown*, 67 Id. 331; *Messmore v. Cunningham*, 78 Id. 623.

McGRATH, J. This is a bill to enforce specific performance of the following contract:

"Det., Dec. 7, 1889.

"Memorandum of agreement made this day between Mrs. Anna L. Edwards, of the first part, and Jas. M. Munro, party of the second part, witnesseth:

"That the party of the first part agrees to sell to the party of the second part that parcel of land fronting on Warren avenue, corner of Crawford St., being on the south-east corner of said streets. The party of the first part agrees to furnish an abstract and a good and sufficient warranty deed, all for the sum of fifty-one hundred and fifty dollars ($5,150); one hundred to be paid down, and three hundred as soon as the abstract is completed, or within fourteen days from the above date.

"Party of the second part agrees to assume the mortgage of $1,500 that is now on the place. The interest to be at six per cent. per annum, payable semi-annually. Balance to be paid within six years. Said lot has a frontage of ninety feet on Warren avenue, and runs to the

alley in the rear.    The $1,500 mortgage to be part of the $5,150.

"A. L. EDWARDS.
"JAS. M. MUNRO."

The complainant paid the $100 which was to be paid down at the time of the execution of the contract.    Complainant insisted that, after the execution of the memorandum agreement, he called upon defendant a number of times with reference to the abstract; that within three or four days after December 7 she gave him an imperfect and partial abstract, and that afterwards, about December 13, she gave him an order upon the Michigan Savings Bank, which held the mortgage upon the property, upon which he obtained the abstract, and took it to Burton's abstract office, agreeably to an understanding between the parties, to have it brought down; that Burton alleged that the abstract was imperfect, and refused to bring it down to date; that he reported this fact to defendant, and she agreed to attend to it; that she neglected to do so; that he tried a number of times to see her, but failed, and on January 3 she refused to do anything further in the matter.

The defendant claimed that at the time of the execution of the agreement she told complainant the bank had the abstract; that complainant said that any abstract upon which a bank would loan money would be good enough for him; that she gave him an order for the abstract, and he agreed to have it brought down to date; and that she did not see complainant from the time she gave this order until January 3.

The defendant insists that complainant did not pay the $300 within the 14 days, and was therefore in default, and cannot compel performance.    It is quite clear that under the agreement the defendant was to furnish the

abstract, and the $300 was not to be paid until the abstract was furnished and completed. The completion of the abstract was therefore a condition precedent to the payment of the $300. But 12 days elapsed after the 14 days had expired when the defendant undertook to repudiate the agreement.

Even though defendant's view as to what took place regarding the abstract be adopted as the correct one, we do not think that the defendant was entitled to repudiate her agreement. It has been held that where parties to an agreement have not expressly stipulated that performance at a particular time shall be an essential part of the agreement, and where from the nature and circumstances of the contract and the situation of the parties there would be no particular hardship upon the party against whom the execution of the contract is sought to be enforced, a court of equity, so far as performance at the time is concerned, will aid the party in default. *Bomier v. Caldwell*, 8 Mich. 463; *Morris v. Hoyt*, 11 Id. 9; *Richmond v. Robinson*, 12 Id. 193; *Converse v. Blumrich*, 14 Id. 109.

Defendant contended that the agreement is incomplete, and lacks mutuality; that complainant does not agree to buy the land, nor to pay the $300, nor to pay the balance, nor to secure the payment of the same by mortgage. The agreement here is signed by both parties, and while the party of the second part does not in express terms agree to pay or to buy, he does by implication agree to do both. The property is described with sufficient certainty, as is the incumbrance thereon. The purchase price is fixed with certainty. The party of the second part agrees to assume the mortgage as part of the purchase price, and the time for payment of the balance, the rate of interest, and the time for the payment thereof, is certain. It is true that no mortgage back is provided

for, but the complainant testifies that none was intended to be given, but the entire matter was to rest until the purchase price was fully paid, while the defendant insists that the deed was to pass, and a mortgage back was to be given. In either case the defendant is equally secure.

Courts have refused to enforce contracts which are unequal, where the consideration is inadequate, where the provisions are unreasonable, where there are indications of overreaching or unfairness.

In *McMurtrie v. Bennette*, Har. Ch. 124, the contract rested entirely in parol, and but four dollars was paid.

In *Hawley v. Sheldon*, Id 420, a proposition by letter had been made by defendant, but there was no acceptance by complainant.

In *Chambers v. Livermore*, 15 Mich. 381, defendants (who were old people) contracted with Chambers, August 12, 1865, to sell him their farm for $11,000, $1,000 to be paid before November 1, 1865, and balance in 10 years. The contract was signed by Chambers, but did not contain any agreement on his part to buy the land or pay the purchase price, or give any personal obligation with the mortgage.

In *Hall v. Loomis*, 63 Mich. 709, the contract on its face was for an exchange of properties of unequal value, upon which agreement was indorsed the following: "Received on the within agreement, $100." As a matter of fact, Mrs. Loomis was to receive $500 in cash in addition to the $100 already paid.

In *Maynard v. Brown*, 41 Mich. 298, the contract was so drawn that it was optional with complainant to retain the property or convey it.

In *McDonald v. Bewick*, 51 Mich. 80, the instrument sought to be enforced was a mere proposition to contract.

In *Chapman v. Morgan*, 55 Mich. 125, the complainant

paid $10 for the refusal until a given date of certain land, and the date expired before he exercised his option.

In *Wardell v. Williams*, 62 Mich. 50, the instrument sought to be enforced was signed by defendant only, and was a mere offer, which the Court held was not accepted.

In all of these cases the Court refused to enforce the contract, but there is no similarity between that class of cases, or any one of the class, and the case presented here for consideration. The instrument here presented contains all the essential elements of a contract. It was entered into by both parties, after a week's deliberation. There is no claim of undue advantage, or unfairness, or of inadequacy of consideration. There is nothing unusual about its terms, and nothing inequitable in its enforcement. The memorandum agreement contains no provision for possession, but this is such a common incident of the sale of real estate that its omission will not invalidate the agreement. The right to possession follows the payment of the $300.

The decree below will be reversed, and a decree entered here in accordance herewith, with costs of both courts to complainant.

MORSE and GRANT, JJ., concurred with McGRATH, J.

CHAMPLIN, C. J. (*dissenting*). The contract which is sought to be specifically enforced by a decree of the court of chancery in this case, is one for the sale of lands, which the statute requires to be in writing, or some memorandum or agreement thereof made in writing, and signed by the person to be charged thereby. The rule is well settled in this State that such agreements so signed must contain all the essential elements of the contract, and that none of the essential elements of the agreement between the parties must be left to be supplied by parol

86 MICH—7.

evidence. *Hall v. Soule,* 11 Mich. 494; *James v. Muir,* 33 Id. 223; *McElroy v. Buck,* 35 Id. 434; *Gault v. Stormont,* 51 Id. 636. The contract set out in the bill of complaint describes with sufficient particularity the property to be conveyed or sold and the consideration to be paid, but it does not contain the agreement relative to the time and terms of payment, nor the time when the deed therefor is to be executed, nor whether or not any security was to be executed upon the premises to secure the payment of the unpaid purchase money, nor in whose possession the premises are to remain during the six years, or until the balance of the puchase money is paid by the purchaser. The contract, as executed, certainly does not give to the purchaser any right of possession of the premises. Is it to be inferred that the purchaser, by paying the sum of $100 down and $300 when the abstract was completed and assuming the payment of a 1,500-dollar mortgage, was to have the possession of the premises? I think not, for the reason that there is no agreement on the part of the seller to part with the possession. It was held by this Court in *Druse v. Wheeler,* 22 Mich. 439, that—

"There is no right of possession secured under a contract for the sale or exchange of land, before conveyance, unless directly provided for. In many cases such provision is made, but it is not implied from the agreement to sell." See *Moyer v. Scott,* 30 Mich. 345; *Dwight v. Cutler,* 3 Id. 566; *Hogsett v. Ellis,* 17 Id. 351.

The agreement being silent as to possession, the defendant would be entitled thereto, and also entitled to the rents of the premises, and would necessarily be obliged to pay the taxes.

There is another point in the contract upon which the minds of the parties have not met, and that is as to the

time when the deed of the premises shall be executed, and also as to when the balance of $3,250 shall be paid. The contract reads: "The balance to be paid within six years," leaving no definite time within six years when the contract must be performed on the part of Munro. We may suppose that the purchaser has paid his $400 within the 14 days mentioned. Then, according to this contract, he would have a further margin of six years within which to comply with the other conditions of the agreement, without security, leaving the premises in the hands of the vendor to be kept in repair, to be looked after, to pay the taxes, and to run the risk of a variation as to the value of the property, and depriving her of the opportunity of making any advantageous sales in the mean time.

I think the contract falls within that line of cases which hold that it is too imperfect in its terms to be specifically performed.

LONG, J., did not sit.