PROCTOR *v.* PLUMER.

112   393
s70NW1028
131   ²338

1. LAND CONTRACT—FORECLOSURE—PARTIES.

A railroad company which takes possession of a distinct portion of land sold under contract, and maintains it up to the time of the filing of a bill to foreclose, refusing to state whether it claims as principal, as assignee of the original purchaser, or otherwise, may be made a co-defendant in the bill.

2. SAME—EQUITY—RIGHT TO DISCLOSURE.

The bill in such case may properly allege the evident facts in regard to the company's possession, and pray an answer under oath disclosing its position with respect to the property, and that the court ascertain its true relation to the contract.

3. SAME—OPTION—ELECTION—EVIDENCE.

The conduct of a prospective purchaser of land in going into possession under an instrument claimed by him to be an option merely, in making payments in accordance with its terms, and in permitting a railroad company to enter

upon and construct an elevated road across the property, amounts to an irrevocable election to purchase.

4. SAME—UNCERTAINTY—CONSTRUCTION.

An agreement to sell land for a given price per acre, a part of the consideration to be paid at once, a part in 30 days, and the balance within five years, is not rendered uncertain by the fact that a further provision that the vendor should give a deed and accept a mortgage for one-half the purchase price, if desired by the purchaser, after the payment of the other half, did not specify the terms of the mortgage, since the time such mortgage might run would be limited by the general clause prescribing the terms of payment.

5. EQUITY PLEADING — APPEAL — DEMURRER — OBJECTION NOT RAISED BELOW.

An objection that a bill is improperly framed cannot be considered upon an appeal from an order dismissing it on demurrer for multifariousness and want of equity.

6. SAME—DISCLAIMER.

Defendant in a bill to foreclose cannot properly disclaim in a demurrer to the bill.

Appeal from Wayne; Donovan, J. Submitted January 6, 1897. Decided April 27, 1897.

Bill by Mary A. P. Proctor against Addie L. Plumer, the Flint & Pere Marquette Railroad Company, and others, to foreclose a land contract. From a decree dismissing the bill on demurrer, complainant appeals. Reversed.

*Alfred Lucking,* for complainant.

*Charles K. Latham,* for defendants Plumer.

*Henry M. Campbell,* for defendant railroad company.

MONTGOMERY, J. On the 13th of April, 1891, complainant entered into a contract with Samuel A. Plumer, which reads as follows:

"For and in consideration of the sum of $1,000, to me in hand paid, I hereby agree to sell to Samuel A. Plumer, or his assigns, all that certain piece or parcel of land

situate and being in the township of Springwells, county of Wayne, Michigan, on section 17, being about 30 acres of land on the southeast corner of the Chicago road and the Miller road, and being the piece of land marked 'Mary Proctor, 27.50,' on the Springwells map in Wayne County Atlas of 1876; I hereby agree to make the easterly line or side of said land a straight line; for the sum of, or rather at the rate of, $1,000 per acre for said land, according to actual survey; said $1,000 this day received to apply on purchase price, $4,000 within 30 days from the date hereof, at the option of the purchaser, and the balance at any time within five years from the date hereof, at the option of the purchaser, in sums not less than $1,000, with interest on all sums remaining due or unpaid at the rate of 6 per cent. per annum until paid. And I hereby agree to give for said land, on receipt of said purchase price, a good and sufficient warranty deed, and a Burton abstract of title and taxes to date, showing a perfect title. And I also agree, if desired by said purchaser, to give said deed and abstract when one-half of said total purchase price is paid, and to accept a purchase-money mortgage, drawing interest at the rate of 6 per cent. per annum, for the other one-half of said purchase price; said purchaser or his assigns to have immediate possession of said property.

[Signed]        " MARY A. PROCTOR."        [Seal.]

This contract was duly witnessed and acknowledged. Samuel A. Plumer died in July, 1894, and the defendants Addie L., John H., and Leonette T. are his widow and two children. The will of Samuel A. Plumer was probated in July, 1894, and commissioners on claims were appointed. No claims were proven against the estate, and in February, 1895, the final account of the executor was allowed, and he was discharged. Subsequently, complainant appeared in the probate court, and asked to have an order setting aside the discharge of the executor, and that she be permitted to prove her claim against the estate. This application was denied, and an appeal taken to the circuit court, which appeal is now pending.

Subsequently the complainant filed the bill of complaint in this cause, setting forth that she is the owner of the land described in the contract above quoted; that on the 13th of April, 1891, she made a verbal agreement with

Samuel A. Plumer, by which she agreed to sell him the land described, substantially on the terms set forth in the written instrument; that Plumer undertook to reduce the agreement to writing, and that the instrument above quoted was the result; that the first two payments of $1,000 and $4,000 were made upon the contract, and that thereupon Samuel A. Plumer went into possession of the land, and kept and retained possession, collecting the rents and profits thereof, until the time of his decease, and that his representatives, heirs, grantees, and assigns have ever since kept and retained possession of the land, and that they are still in possession of the same; that some time after the making of the contract, and after the payment of the $4,000, the defendant railroad company took possession, and has ever since maintained possession, of a way 100 feet in width across said land, and is now in possession of the same; that said way runs through said parcel from the Michigan-avenue front to the opposite side thereof, in a somewhat diagonal course; and that said railroad company has constructed an elevated railway, the same being about 4 feet in height above the level of the ground at the Michigan-avenue front, and about 10 feet above the level of the ground at the rear portion of the parcel; that said road was originally constructed upon trestlework, but that, in the last year or thereabouts, the railroad company had filled up with dirt underneath the railway bed and around the trestlework. Complainant further avers in her bill that whether said Plumer did contract to convey the right of way to the railway company, or whether he assigned the entire contract to the railway company, or what terms he made with the railway company, or just what his and the railway company's relations to each other in such matters were, she does not know, and has never definitely learned or been able to learn, either from Plumer, his representatives, or the railway company. She further avers that on the 14th of May, 1896, the claim was put forth by the Plumers that Samuel A. Plumer, in taking the contract

for said land in his own name, acted simply and solely as the agent of the defendant railroad company; that he leased the same, and collected the rents and paid the taxes thereon, only as the agent of the railroad company, and that, since the decease of Samuel A. Plumer, defendant John H. Plumer has done the same in the capacity of agent of the said railroad company; that it was not stated whether said contract had been assigned, or whether some other agreement had been entered into between them. Complainant avers that she has never been able to get any expression of the company's position from its agents, and does not know what its relations to the land are. It is further averred that the railroad company has insisted that, if she would not sell a right of way, the company would proceed to condemn it. It is further averred in the bill that the defendants Plumer have contended that the written instrument above recited was a mere option, and did not bind Plumer or his representatives, and that they have not elected to take the land under the option. The bill avers, as to this, that, if the instrument is to be construed to be an option, it was imposed upon her by Plumer in lieu of a specific contract for the sale of the land, and, furthermore, that the act of Plumer in permitting the construction of a railroad across the land is such as to amount to an election to take the property, even though the instrument be construed as an option.

The bill prays an answer under oath by the defendant railroad company, which will disclose its true relations to the property, as to whether it was the principal in the contract originally, or whether it has since become owner by assignment, and that the court may ascertain the true relations of the Flint & Pere Marquette Railroad Company to the contract, and if it shall be developed that the Flint & Pere Marquette Railroad Company was in fact the principal in the transaction, and that Plumer was the lawfully authorized agent only of such company, that said contract be enforced in all respects against the defendant

railroad company, and that a vendor's lien may be established on said land in favor of complainant, and duly enforced in the usual manner, according to the course of practice of this court, and that any deficiency may be paid by defendants, or such of them as may be found liable therefor, and if, in the enforcement of the relief granted by this court, the premises shall be sold, then that the court place the purchaser in possession of the lands, and remove the defendants therefrom.

To this bill of complaint the defendants Plumer demurred, on the grounds—

*First*, that the bill is exhibited against the named defendants and the defendant railroad company for separate and distinct causes of action, and that the bill is multifarious.

*Second*, that the bill states no cause for equitable relief against the defendants.

*Third*, that any remedy against the defendants, except as against the land, to which they make no claim, is barred by the statutes of this State.

The railroad company demurred, on the ground that the bill is multifarious, and that no case is made entitling the complainant to equitable relief against the defendant. Both demurrers were sustained, and complainant appeals. We are not advised as to the view adopted by the circuit judge, as no written opinion was filed.

Was the bill multifarious? It appears by the bill that the defendants Plumer and the railroad company were respectively in the occupancy of distinct portions of this land. It is clear that all the parties are necessary parties to a proceeding to foreclose this land contract. We think it was also competent for the complainant to set out all the facts, as she did, and to have the respective rights of the defendants determined, in order that it might be ascertained to whom the conveyance should be made, and on what terms. *Hanchett* v. *McQueen*, 32 Mich. 22.

The parties, then, having been properly joined, the question remains whether the bill states a cause for equitable relief. We think it very clear that it does state a

cause entitling the complainant to a foreclosure of this contract, and that, whether it be treated as a contract or an option, the acts of the purchaser have been such, as set out in the bill, as to amount to an irrevocable election. *Curran* v. *Rogers*, 35 Mich. 221; *Cilley* v. *Burkholder*, 41 Mich. 749; *Dickinson* v. *Wright*, 56 Mich. 46.

It is argued in the brief of counsel for defendant railroad company that the writing is incomplete, as it does not provide the length of time which the mortgage to be given shall run. Counsel relies upon the following provision: "I also agree, if desired by said purchaser, to give said deed and abstract when one-half of said total purchase price is paid, and to accept a purchase-money mortgage, drawing interest at the rate of 6 per cent. per annum, for the other one-half of said purchase price." It is said by counsel that, so far as anything contained in the contract is concerned, Plumer could satisfy this contract by paying one-half the purchase price in cash, and demanding that the complainant accept a mortgage for any length of time which he might choose, for the balance. The rule is fully recognized that, under the statute of frauds, a contract for the sale of lands must be complete in itself. *Gault* v. *Stormont*, 51 Mich. 636. But such a construction will be placed on a written instrument as will, if possible, give it effect; and we think that the provision last quoted should be construed in connection with the preceding provisions of the contract, and, so construed, the contract entitled Plumer to an election to accept a deed and give back a mortgage, and, as no provision is made as to the time which the mortgage should run, such mortgage would necessarily be payable according to the terms previously fixed by the contract.

It is further urged that, if the agreement be construed as an option, the mere entry upon the land and making improvements do not make a contract of sale, or give any interest in the land. But we think that, in view of the cases cited above, the character of the change in the land was such as to amount to an election.

It is next urged that no distinct charge is made against the defendant railroad company, and that the prayer that the relations between Plumer and the railroad company may be determined, and relief granted accordingly, cannot be granted, for the reason that a bill of discovery will not lie, under our practice; citing *Riopelle* v. *Doellner*, 26 Mich. 102, and *Shelden* v. *Walbridge*, 44 Mich. 251. It is true that a bill of discovery in aid of a suit at law will not lie under our practice, but in this case the court has undoubted jurisdiction to foreclose this contract in the nature of a mortgage, and has jurisdiction over persons in possession of the land, and, having such jurisdiction, has the right to determine their respective interests. It is urged, it is true, that the bill is not properly framed as a bill to foreclose the contract. We think this is a mistake; that the prayer of the bill is broad enough for this purpose; and that all the facts are set out. And, as the only two objections stated in the demurrer are the general objection for want of equity and the objection of multifariousness, we think the criticisms upon the frame of the bill are not to be considered.

It is urged on behalf of the defendants Plumer that no personal decree can be granted against them, and that no actual occupancy of the premises by defendants Plumer is shown, and that they have disclaimed any interest, or intention to obtain or claim any interest, in the land. It is perhaps sufficient answer to say that the bill does aver possession by defendants Plumer, and that the only disclaimer is contained in the demurrer, which is not good practice.

The other questions considered need not be discussed.

The decree will be reversed, the cause remanded, and defendants allowed 20 days in which to answer.

The other Justices concurred.