## MULL v. SMITH.

1. STATUTE OF FRAUDS—SALE OF LANDS—MUTUALITY OF CONTRACT.

Under the statute of frauds, making contracts for the sale of lands void unless the contract, or some note or memorandum thereof, is in writing and signed by the vendor, a contract for the sale of land, a memorandum of which is signed by the vendor only, is valid and binding on both parties.

2. SAME—TERMS OF CONTRACT—EXISTING MORTGAGE.

A memorandum of a contract for the sale of lands, stating that the owner agrees to give a warranty deed upon payment of $275, subject to a mortgage of $250, is not so deficient in failing to state the particular mortgage, and its terms, as to make the contract void under the statute of frauds.

3. SAME—TIME OF PAYMENT.

An offer to sell land for $375 cash, which is accepted, and $100 paid, and a memorandum given by the vendor agreeing to give a deed upon payment of $275, is an agreement to pay cash within a reasonable time, and sufficiently fixes the time of payment to comply with the statute of frauds.

Error to Newaygo; Palmer, J.   Submitted November 21, 1902.   (Docket No. 118.)   Decided April 7, 1903.

*Assumpsit* by Edwin M. Mull against Frank H. Smith

for money had and received. From a judgment for defendant, plaintiff brings error. Affirmed.

*Martin Rozema*, for appellant.

*A. F. Tibbitts*, for appellee.

HOOKER, C. J. The plaintiff sued to recover $100 paid to the defendant. The cause was tried before the circuit judge without a jury, and he rendered a judgment for the defendant, and the findings filed show the following facts: The defendant owned a 40-acre tract of land, called the "Burns Farm," and negotiations were had between the parties for its purchase by the plaintiff. The premises were inspected by plaintiff and an agent of the defendant, who asked $650 for them. The agent was directed by the plaintiff to ascertain whether the defendant would take "less than $650 for cash." The parties met defendant, who, on being asked to fix his lowest cash price, submitted the following written proposition:

"FREMONT, MICH., December 22, 1900.
"Forty acres for $650. Mortgage $250. Leaves balance $400. Will take cash $375 for my interest in place.
"FRANK H. SMITH."

This was Exhibit 1. Plaintiff accepted this, and paid $100 down. Defendant gave him a memorandum of the contract, reading as follows:

"FREMONT, MICH., Dec. 22nd, 1900.
"I agree to give Mr. E. M. Mull a warranty deed of the Burns farm upon payment of $275, subject to mortgage of $250.
"FRANK H. SMITH."

This was Exhibit A. He also gave him the following receipt:

"$100.00.        FREMONT, MICH., 12—22, 1900.
"Received of E. M. Mull one hundred dollars to apply on payment of Burns farm.
"F. H. SMITH."

This was Exhibit B. It was arranged that the plaintiff

was to have a short time to go to Ohio to get money to pay the balance of the purchase price. Some time after, the defendant tendered a deed and demanded payment, which the plaintiff refused. The plaintiff's claim is that the contract was void under the statute of frauds, and that he was entitled to recover the money paid. The court held that Exhibits A, B, and 1 constituted a valid contract, and that plaintiff could not recover, and rendered judgment of no cause of action. Plaintiff has appealed.

Our statute does not make all contracts for the sale of land void. It excepts those where the contract itself, or some note or memorandum thereof, is in writing and signed by the *vendor*. When the contract itself is in writing and signed by both parties, the writing *is* the contract. When the memorandum of the oral contract is in writing and signed by the vendor, it is not the contract, but a memorandum, which makes it binding upon him if accepted by the vendee. This is valid evidence of the contract. But can it bind him if not binding upon the vendee? The statute differs from the English statute, which binds the one sought to be charged only when *he* has signed it. Under such a statute it may be doubtful if, relying solely upon the memorandum signed by himself, the vendor could enforce, or recover damages for the breach of, the contract. See note to *Seton* v. *Slade*, 2 White & T. Lead. Cas. Eq. 1091 *et seq*. But, whether this is so or not, we cannot doubt that, before either party can make the contract the basis of a suit or action, the element of mutuality must be discernible. See *Wilkinson* v. *Heavenrich*, 58 Mich. 574 (26 N. W. 139, 55 Am. Rep. 708). And if we admit as satisfactory the reason given, *i. e.*, that by filing a bill the vendee has made the remedy mutual, or say that, by the statute itself, it is made binding upon the vendor, what shall we say when an action is brought against the vendee, or he sets up a defense based upon the statute, in the absence of any proof except a memorandum made, signed, and produced by the vendor only? Manifestly, we should require proof that the vendee had something to do with the

contract, and this is supplied in this case by evidence that
he accepted the memorandum as such, and paid money
upon it, as in the case of personal property. 1 Mechem,
Sales, § 450. See 8 Am. & Eng. Enc. Law, 719, and note
2. It being admitted that the vendor has made and the
vendee accepted such a memorandum, it must, in the
absence of fraud, be taken as conclusive, not subject to
variation by parol evidence, and, if it contains all of the
requisites of a valid land contract, it is binding on both;
otherwise not. See 1 Mechem, Sales, § 446, and note.

The circumstances under which these writings were
executed and given are said to be admissible in aid of
their construction. 8 Am. & Eng. Enc. Law, 722, and
note 2. We are of the opinion that the two writings which
were delivered to and kept by the plaintiff show plainly
enough all of the essentials of a land contract. The plain-
tiff claims that they are deficient because they fail to state
the particular mortgage, and its terms, subject to which
the plaintiff purchased. We are satisfied that a promise
to give a warranty deed, subject to a mortgage of $250,
would ordinarily be understood to mean an existing mort-
gage. That would be the ordinary meaning of the lan-
guage. See 1 Comp. Laws, § 50.

Again, it is said that the *memoranda* fail to show when
the purchase price should be paid, and counsel seems to
have thought it competent to show that in fact the agree-
ment was for a deferred payment at a definite time. We
have already said that, by accepting the writings as such
memorandum, plaintiff has cut off any right to question
their accuracy, and the only question left to him is whether
they sufficiently contain the terms of the agreement. We
think they do. The only inference is that he shall pay
cash for the property within a reasonable time. See
Browne, Stat. Frauds, § 384.

Here, then, was a valid contract for the sale of land.
Defendant is proven to have made it by his writings signed
and delivered. The plaintiff is shown to be a party to it
by oral proof of his acceptance of defendant's *memoranda,*

and payment of $100 upon it.    He cannot recover the $100 as money paid for his use.

The judgment is affirmed.

The other Justices concurred.