EBERT *v.* CULLEN.

STATUTE OF FRAUDS — SPECIFIC PERFORMANCE — MEMORANDUM OF
SALE OF REAL PROPERTY.

A memorandum of a sale of real estate showing the receipt of
money on the purchase price of a description therein named,
but not stating the time or times of payment upon the sum
remaining due, is an insufficient compliance with the statute
of frauds to support a bill for specific performance.

Appeal from Wayne; Rohnert, J. Submitted February 15, 1911. (Docket No. 143.) Decided March 13, 1911.

Bill by Edmund L. Ebert against James H. Cullen for specific performance of an agreement to convey real estate. From a decree sustaining a demurrer to the bill of complaint, complainant appeals. Affirmed.

*Denton Guinness*, for complainant.

*Cullen, Casgrain & Hanley*, for defendant.

BROOKE, J. Complainant filed his bill of complaint to enforce specific performance of an agreement to sell certain lands. The agreement is as follows:

" DETROIT, MICH., March 14, 1910.
" Received of E. L. Ebert twenty-five dollars on sale to him or principal of the 20 feet N. E. cor. Trowbridge and John R., price five hundred dollars.
[Signed]  " JAS. H. CULLEN."

Defendant interposed a demurrer upon the following grounds:

"(1) Because the alleged contract to sell, set up in complainant's bill, is not sufficient, under the statutes of the State of Michigan, to bind defendant to make the sale.

"(2) Because said bill of complaint is brought against

James H. Cullen, trustee, and the alleged contract of sale therein contained is signed by James H. Cullen.

"(3) Because the said bill does not show that the complainant has any interest in the subject-matter thereof."

From an order sustaining the demurrer, and dismissing the bill, complainant appeals.

Defendant urged in the lower court, and insists in this court, that this case is ruled by the decision in *Gault* v. *Stormont*, 51 Mich. 636 (17 N. W. 214). The alleged contract there considered was nearly identical with the one in the case at bar. It read:

"WYANDOTTE, April 26, 1881.

"Received from George Stormont the sum of seventy-five dollars as part of the principal of ten hundred and fifty dollars on sale of my house and two lots on corner of Superior and Second streets in this city.

"DAVID GAULT.

"Witness:  C. W. THOMAS."

Commenting upon this agreement, Mr. Justice COOLEY, speaking for the court, said:

"There was no written evidence of the sale of the lots, except the receipt, which was given for the $75, and that was insufficient to answer the requirements of the statute of frauds; for, though it specified the purchase price, it failed to express the time or times of payment, and there is no known and recognized custom to fix what is thus left undetermined. A memorandum, to be sufficient under the statute, must be complete in itself, and leave nothing to rest in parol"—citing cases.

This case was cited and approved in *Webster* v. *Brown*, 67 Mich. 328 (34 N. W. 676), and in *Dayton* v. *Stone*, 111 Mich. 196 (69 N. W. 515), and was examined and distinguished without criticism in *Ryan* v. *United States*, 136 U. S. 68 (10 Sup. Ct. 913).

Complainant contends, in effect, that we should overrule *Gault* v. *Stormont*. It is not apparent why this should be done. The cases of *Munro* v. *Edwards*, 86 Mich. 91 (48 N. W. 689), *Proctor* v. *Plumer*, 112 Mich. 393 (70 N. W. 1028), *Campbell* v. *Manufacturing Co.*,

126 Mich. 468 (85 N. W. 1093), *Mull* v. *Smith*, 132 Mich. 618 (94 N. W. 183), and *Miller* v. *Smith*, 140 Mich. 524 (103 N. W. 872), cited and relied upon by complainant, have been examined. They do not, in our opinion, modify or cast any doubt upon the correctness of the rule laid down in *Gault* v. *Stormont*.

The decree is affirmed.

HOOKER, MOORE, McALVAY, and BLAIR, JJ., concurred.