KOOMAN v. DE JONGE.

1. APPEAL AND ERROR — MOTION FOR NEW TRIAL — EXCEPTIONS — SAVING QUESTIONS FOR REVIEW.

In a cause heard upon stipulation of facts by the trial court sitting without a jury, and to whose rulings no exceptions were taken nor points of law presented in pur-

suance of the practice required under Circuit Court Rule 26, nothing was gained for the purpose of review by the presentation and denial of a motion for a new trial.

2. SAME—ASSIGNMENT OF ERROR—STIPULATION—JUDGMENT.

Under a stipulation of the facts by the parties, the question whether they support the judgment is open to the appellant if he properly assigns error: and in an action on the money counts, the assignment of error to the effect that the court erred in finding from the stipulated facts that the defendants undertook in manner and form as the plaintiff in his declaration charged, sufficiently presented the question for review upon error.

3. VENDOR AND PURCHASER—LAND CONTRACTS—OPTION—BREACH— BROKERS—AGENCY—FAILURE OF AUTHORITY.

An option or contract purporting to be executed by defendants, the widow and former administrator of the estate, as agents of and for the estate, when in fact the estate had been closed, the property assigned and the administrator discharged so that neither defendant could or did have authority to make the conveyance, and in fact had no authorization from any of the other heirs to sell or contract for the sale of the property, and not purporting to be executed by the defendants as the sole owners of the property, but as such agents for the heirs, was not binding upon the principals for whom and in whose behalf it purported to be executed and was not a defense to an action by the purchaser for the return of the amount paid to secure the option.

Error to Ottawa; Cross, J. Submitted April 13, 1915. (Docket No. 57.) Decided June 7, 1915.

Assumpsit by Gerritt Kooman against Grietje De Jonge and John M. De Jonge for money had and received. Judgment for plaintiff. Defendants bring error. Affirmed.

*Jarrett N. Clark,* for appellants.

*Louis H. Osterhous,* for appellee.

OSTRANDER, J. The cause was heard by the court upon stipulated facts, and a judgment was rendered

for the plaintiff. Later, defendants moved for a new trial, which was denied. No exceptions were taken to any ruling, nor were points of law presented as is permitted by Circuit Court Rule 26, sub. (*a*). It is assigned as error—the first of several assignments—that:

"The court erred in finding from the stipulated facts that the said defendants did undertake in manner and form as the said plaintiff hath in his declaration in said cause complained against them."

And it is assigned as error—the sixth assignment —that:

"The court erred in finding that the judgment is supported by and is in accordance with the stipulated facts and is not contrary to the law and evidence."

Nothing was gained for the purposes of a review by the motion for a new trial. It is contended by the appellee that in the absence of any exceptions there is nothing for this court to review. We held in *Weist* v. *Morlock*, 116 Mich. 606 (74 N. W. 1012) (see *Stafford* v. *Crawford*, 118 Mich. 285 [76 N. W. 496]), that when no exceptions are taken to findings of fact and law by the court, the only question which can be raised on appeal is whether the findings support the judgment, and that question is open only when made the basis of an assignment of error. This rule, and construction of Circuit Court Rule 26, has been many times approved. It would seem, when parties submit a cause upon a stipulation of facts, instead of asking the court to find the facts, that whether the facts support the judgment is a question open to the appellant if made the basis of an assignment of error. We so hold, and we find the first assignment of error sufficient to present the question.

The suit is brought to recover from the two defendants a sum of money, the declaration containing only the common counts in assumpsit. A bill of par-

ticulars gives the information that the money sought
to be recovered was paid to defendants for an alleged
option and on account of the purchase price of cer-
tain real estate and personal property, theretofore
owned by Marinus De Jonge, deceased, upon defend-
ants' representation that they had authority to sell
the said property, represented the estate of said de-
ceased, and that John M. De Jonge was administrator
of said estate, when, in fact, the estate had been
closed and the property assigned to the heirs of said
deceased owner, John M. De Jonge had been dis-
charged as administrator of the estate, and neither
defendant did, or could, represent or have authority
to act for said estate, or for the owners of said prop-
erty, and neither had authority from the said owners
to sell or contract for the sale of the property or to
receive any money on account of such a sale. Plain-
tiff repudiated the contract and demanded the return
of his money, which was refused. The facts upon
which the court acted were the following:

"In his lifetime one Marinus De Jonge was the
owner of certain real and personal property described
in a certain land contract with 'option clause,' a copy
of which is attached to plea and notice filed by defend-
ants in this cause. Said Marinus De Jonge died, leav-
ing a widow, Grietje De Jonge, one of the above-
named defendants, and twelve children, including the
defendant, John M. De Jonge, as his heirs. Said John
M. De Jonge was appointed administrator of the said
estate by the Ottawa county probate court, and the
estate was duly administered, and on, to wit, Novem-
ber 6, 1912, said estate was closed, the administrator
was discharged, and the court made an order assign-
ing the residue of the estate, including the said real
estate, described in said contract, one-third to the
said Grietje De Jonge, and two thirty-thirds to each
of said eleven children, four of whom were adults and
eight of whom were minors.

"That on November 5, 1913, the said real estate was
owned one-third by said Grietje De Jonge, two thirty-

thirds by said John M. De Jonge, and the remainder by the three other adult children and eight minor children, two thirty-thirds thereof by each.

"That prior to said last-named date Grietje and John M. De Jonge offered said land for sale and negotiated with plaintiff for the purchase and sale thereof; and, as a result of the negotiation on said date, the before-mentioned contract with 'option clause' was entered into and made; the same being signed by said defendants and described in said option as widow and son of said Marinus De Jonge, and 'acting for the estate of said Marinus De Jonge, deceased.' That upon the signing and delivery of said contract plaintiff paid to defendants the sum of $350 in cash, which defendants have ever since retained and no part of which has ever been returned to or paid to the plaintiff.

"That at the time said contract was so made and signed, the said defendants had no authority in writing to act for or as the agents or representatives of the other owners of said property, or to sell or contract for the sale of said land for them, and had no authority of any kind, either verbal or written, to act for and represent the infant owners, or to sell or contract for the sale of their interests in said lands. That at that time the said seven infant owners had no guardian and no guardian was petitioned for them until January 19, 1914, and none appointed until January 19, 1914.

"That after the payment of said money and the making of said contract and before the second payment of $500, on, to wit, November 15, 1913, was to be paid, the said plaintiff repudiated said contract, agreement and option, and demanded of the defendants that they return to him the $350 he paid upon said contract, and upon the purchase price of said lands, which they refused to do, and thereafter and on, to wit, January 26, 1914, he commenced this suit to recover same, with interest at 5 per cent. from date of payment, from them, after advising them by letter on December 18th that he would so sue if they persisted in their refusal to refund to him said money.

"For the purpose of this suit and its determination it is also agreed that plaintiff was advised of the true condition of the title to said property at or about the

time of the making of said agreement, namely, that said minors' interests would have to be sold by permission of the probate court.

"That at no time prior to plaintiff's repudiation of said contract and at no time prior to said plaintiff's final demand of payment and threat of suit on December 18, 1913, was the said contract and agreement so made and signed by defendants ratified, approved or authorized in writing by their claimed principals, the other eleven owners of said real estate, nor by any person or court authorized to act for or bind them or any of them; and the contract made on behalf of said minors has never been approved or ratified, in writing, at any time by any person or court having authority; except that on December 29, 1913, a power of attorney was duly made and executed by the adult heirs of Marinus De Jonge to John De Jonge and Grietje De Jonge, authorizing them to sell and dispose of the lands mentioned in said contract, and except that on March 2, 1914, the probate court of Ottawa county granted a license to Albert La Huis, guardian for said minor heirs and owners, to sell the interest of the said minors in the real estate described in said contract, at private sale, for not less than $2,169, which said power of attorney and an exemplified copy of said license to sell are hereto attached."

The option contract referred to calls for a down payment of $350 and a total of $8,500, the land to be deeded subject to a mortgage of $2,400. In the contract the defendants, who are parties of the first part, are described as widow and son of the late Marinus De Jonge "and acting for the estate of the said Marinus De Jonge." They agree to execute and deliver to plaintiff, the party of the second part, a good and sufficient warranty deed of certain described land, and to convey certain described personal property. The balance of purchase money after $850 is paid becomes due and payable when the deed is delivered, "said deed to be authorized by the probate court of said county of Ottawa." It contains this provision:

"And the said parties of the first part do hereby

further agree that they shall and will not before March 1, 1914, after the date hereof sell, convey, mortgage, or otherwise incumber the said land or any part thereof, or do any act or deed to diminish or incumber the title to said land.

"It is agreed by and between the parties hereto, that if the said party of the second part at the expiration of the aforesaid limited time shall have declined or omitted to make application for the purchase of said land at the price aforesaid, then this instrument shall be void and the above sum of $350 so paid as aforesaid shall be forfeited by the said party of the second part, and the said parties of the first part shall have the right to retain the same, as and for liquidated damages, and the said party of the second part shall relinquish to said party of first part all claim to the said land and chattels either in law or equity, and also all claim to the said sum of $350, so paid as aforesaid, and no claim of the said party of the second part under this contract shall then be effectual.

"Said second party is to take possession of the premises on January 1, 1914, or sooner if vacated by said first parties."

Whether the facts support the judgment depends upon whether the parties of the first part to the contract of sale acted in their individual, or in a representative, capacity. It is the contention of the plaintiff that the contract is void because not signed by all of the parties by whom the sale was really to be made, or by some person by them thereunto lawfully authorized. The defendants contend that the sale was to be made and conveyance executed by the parties of the first part; that they have bound themselves by a positive contract to do an act in itself possible. *Harrison Granite Co.* v. *Stephens,* 160 Mich. 51, 52 (125 N. W. 36). They cite and rely upon *Miller* v. *Smith,* 140 Mich. 524 (103 N. W. 872). That was an action for damages for breach of a contract to convey certain real estate. It appeared that a widow and ten children as heirs of the owner succeeded to the title to

the land, and that the widow and one son made to plaintiff the following promise:

"Received of Richard L. Miller $50 as first payment of $11,000 for the purchase of lots, * * * the balance of the purchase price being payable as soon as we furnish perfect title to above property, we to furnish a Burton or Union Trust abstract. We further agree to give a warranty deed to Richard L. Miller or his assigns as soon as purchase price is tendered."

The abstract was furnished and showed title as above stated. The deed was demanded and refused. Referring to *Mull* v. *Smith*, 132 Mich. 618 (94 N. W. 183), this court said in an opinion reversing a judgment for defendants that the writing contained all the necessary elements of a land contract and was a valid contract for the sale of land; that "the contract was not conditioned upon procuring the transfers from the other heirs," it being admitted, however, that plaintiff knew the condition of the title. Appellee says the cases must be distinguished; that by the terms of the contract in the case at bar the defendants acted only in part for themselves and in part for others; that the agreement was on behalf of the others to have the others convey; that the contract is conditioned upon procuring transfers from the other heirs; that it is not a contract to procure title to land, but a contract for the sale of lands not executed by the owners or by their duly constituted agent.

It will be noticed that the parties of the first part, defendants, have particularly covenanted only against their own acts, pending the transfer, and that the deed which they agree to furnish is to be authorized by the probate court, indicating that they do not undertake, at all events, to sell and transfer the property, or even to procure a title from the owners, but do undertake to fix the terms according to which they hope, or expect, that the owners, other than them-

selves, will make the sale and transfer possible. As the contract does not bind the owners, it cannot be held to bind the plaintiff.

The judgment is affirmed.

BROOKE, C. J., and MCALVAY, KUHN, STONE, BIRD, MOORE, and STEERE, JJ., concurred.