STOUT *v.* HALLSTED.

1. CONTRACTS—CONSTRUCTION—WRITTEN INSTRUMENTS.
Courts must take written instruments as they come to them, and, whether carefully prepared or thrown together haphazard, determine their legal effect, and, if valid, enforce them according to their tenor.

2. SPECIFIC PERFORMANCE — LAND CONTRACT — VALID CONTRACT SHOULD BE ENFORCED IN ABSENCE OF FRAUD.
If a contract for the sale of land satisfies the statute of frauds and is binding on both parties, it should be enforced, in the absence of fraud.

3. FRAUDS, STATUTE OF — VENDOR AND PURCHASER — CONTRACT FOUND VALID.
A contract for the sale of land which names all of the parties, describes the property, names the price, terms of payment, and time of performance, and is signed by all of the parties, satisfies the statute of frauds and is binding on the parties, although some of its provisions are found in inappropriate places.

4. CONTRACTS—AMBIGUITY—CONSTRUCTION BY PARTIES BINDING.
Where parties have placed their own construction on a contract they are bound thereby and may not later claim that it is ambiguous.

5. VENDOR AND PURCHASER—LAND CONTRACT—FRAUD.
Vendor's claim of fraud in the procuring by vendee of an option and contract for the sale of land, *held*, not sustained by the record.

Appeal from Oakland; Covert (Frank L.), J. Submitted April 29, 1927. (Docket No. 59.) Decided June 6, 1927.

Bill by Edward M. Stout against Martin B. Hallsted and another for specific performance of a land contract.

---

[1]Contracts, 13 C. J § 485; [2]Specific Performance, 36 Cyc. p. 552; [3]Frauds, Statute of, 27 C. J. § 306; [4]Contracts, 13 C. J. § 517; [5]Vendor and Purchaser, 39 Cyc. p. 1286.

From a decree for plaintiff, defendants appeal. Affirmed.

*Andrew L. Moore,* for plaintiff.

*Curt W. Augustine, Pelton & McGee,* and *Roy Herald,* for defendants.

FELLOWS, J. On December 23, 1924, defendants gave to plaintiff an option for 30 days on their farm in Oakland county at a price of $15,200; $25 was paid for it. There is no claim that it was not in proper form or that it did not fully satisfy the statute of frauds. We are satisfied that before the time expired the plaintiff notified defendants of his acceptance of the option. On January 21, 1925, the plaintiff and defendant Martin B. Hallsted executed the agreement here before us and Mr. Hallsted signed his wife's name to it. The next day she personally signed it. On the signing of the agreement Mr. Hallsted was given a check for $100 payable to himself and wife, which was cashed. The form used was inappropriate to the transaction and the blanks in it were inaptly filled out. For example, the consideration and terms of payment are found where the description should be and the description of the property where the consideration should be. There are incongruous provisions in it. Some of the blanks are not filled out, making some of its provisions meaningless. It might be said parenthetically that much expensive litigation would be saved parties at small expense to themselves by the employment of competent lawyers to draft legal documents. However, courts must take written instruments as they come to them, and, whether carefully prepared or thrown together haphazard, determine their legal effect, and, if valid, enforce them according to their tenor.

The instrument before us deals with a sale of real estate. If it satisfies the statute of frauds and both

parties were bound by its terms, it should be enforced, in the absence of fraud. The parties are named and all of them signed it; the property is described, the price, the terms of payment, the time of performance are all definitely fixed. Some of them are found in inappropriate places but they are found within the four corners of the instrument. We are persuaded that it satisfies the statute of frauds and that it was binding on the parties, all of whom signed it. *Munro* v. *Edwards,* 86 Mich. 91; *Mull* v. *Smith,* 132 Mich. 618; *Miller* v. *Smith,* 140 Mich. 524; *Smith* v. *Mathis,* 174 Mich. 262; *Brin* v. *Michalski,* 188 Mich. 400; *Walsh* v. *Oakman,* 199 Mich. 688; *Baller* v. *Spivak,* 213 Mich. 436.

But counsel for defendants insist the contract is ambiguous. But if so the parties themselves have placed their own construction on it. The testimony is convincing that on the 1st day of April, 1925, the parties met in Pontiac to close the deal. Mr. Hallsted says he intended to close the deal if the contract was all right. However, the representative of the plaintiff and the attorney for the defendants had an altercation and evidently both lost their tempers and Mrs. Hallsted quite frankly admits that this had much to do in preventing the deal from going through; that that was "the thing that spilled the beans, and spoiled the deal," to a certain extent. On the same day the plaintiff made a tender of the first payment. We attach no significance to the fact that in one place in the contract it was stated that "deal to be closed on or before 90 days," and in another, April 1st was fixed for closing it. The 1st of April was within the 90 days and on that day the parties met and defendants finally called the deal off and have since refused to go on with it.

Defendants' counsel insist most earnestly in their brief and in oral argument that there was fraud in procuring the original option especially, and also in

procuring the agreement before us.    But the record does not sustain the claim.    The trial judge who heard and saw the witnesses was convinced that there was no fraud in the transaction.    We agree with his conclusions.    The contract was in no way unconscionable, nor was it procured by overreaching.    Defendants had offered the premises for sale before but had not found a customer.    One can not read this record without reaching the conclusion that defendants were at first willing to sell but when they came to the time for executing the final papers the lure of the old home where Mr. Hallsted was born and where his ancestors had lived before him was too strong for them and they sought pretexts to avoid their obligation.    We can not remain unmoved by the touch of sentiment we find in the case but it does not justify the breach of the contract or warrant a decree refusing its performance.

The decree will be affirmed, with costs of this court.

SHARPE, C. J., and BIRD, SNOW, STEERE, WIEST, CLARK, and McDONALD, JJ., concurred.