# JANUARY TERM 1886.

THOMAS WILKINSON V. MAX HEAVENRICH ET AL.

*Contracts void for want of mutuality.*

1. Where mutual promises are the consideration for a contract, it must be signed by both parties.

2. Contracts which are so drawn as to bind one party but not the other, and which are not to be performed within a year, are void for want of mutuality; and a written acceptance of their terms by the party not bound is useless after the other has refused to perform.

Error to Saginaw. (Gage, J.) Oct. 14.—Jan. 6.

ASSUMPSIT. Plaintiff brings error. Affirmed.

*Wheeler & McKnight* for appellant. A contract not to be performed within a year is good if only the party whom it is sought to charge signed it: *Clason v. Bailey* 14 Johns. 488, criticising *Lawrenson v. Butler* 1 Sch. & Lef. 13; *Justice v. Lang* 42 N. Y. 493: 52 N. Y. 323; 63 N. Y. 633; *Worrall v. Munn* 5 N. Y. 229; *Parton v. Crofts* 16 C. B. (N. S.) 11; *Farwell v. Lowther* 18 Ill. 252; *Hodson v. Carter* 3 Pinney 213; *Cheney v. Cook* 7 Wis. 413; *Laythoarp v. Bryant* 2 Bing. N. C. 735; *Shirley v. Shirley* 7 Blackf. 454; *Chambers v. Alabama Iron Co.* 67 Ala. 353; *Ives v. Hazard* 4 R. I. 14; *Vassault v. Edwards* 43 Cal. 458; *Rogers v. Saunders* 16 Me. 92; *Sams v. Fripp* 10 Rich. Eq. 447; *Laning v. Cole* 3 Green N. J. Eq. 229; *Eley v. Positive Ass. Co.* L. R. 1 Exch. Div. 30: 15 Eng. 279; *Burke v. Wilber* 42 Mich. 329; *Reuss v. Picksley* L. R. 1 Exch. 342; *Argus Co. v. Mayor* 55 N. Y. 495; *Chase v. Lowell* 7 Gray 33; Pomeroy Cont., §§ 75–6; *Smith v. Neale* 2 C. B. (N. S.) 67.

*Wisner & Draper* for appellee. The Statute of Frauds requires all agreements not to be performed within a year to be signed by both parties: *Parker v. Whipple* 29 Mich.

[574]

373 ; Wood on Frauds 667–9 ; Add. on Conts. § 18 ; Whart. . Cont. §§ 2,523 ; Bish. on Cont. 428 ; Pars. Cont. 449 ; *Utica &c. R. R. v. Brinckerhoff* 21 Wend. 139.

CHAMPLIN, J.   But one question is involved in this case, and that is as to plaintiff's right to maintain the action.   The declaration alleges that on or about the 14th day of October, 1882, the defendants entered into a written contract with plaintiff as follows :

" We promise and agree to pay Thomas Wilkinson wages or salary at the rate of $3500 a year, for three years, from the second day of October, 1882, in consideration of his working for us for that length of time as cutter in our merchant tailoring department in the city of East Saginaw, Michigan.   Payments to be made, as earned, in such sums and at such times as he may desire.

*Dated October* 14, 1882.

[Signed]            HEAVENRICH BROS. & CO."

—that he worked for defendants under this contract, and in the business and employment aforesaid, and was always ready and willing to so work and be employed for defendants for the term of three years in said contract mentioned, and so worked until on or about the 5th day of July, 1884, when, without cause and against the wishes and contrary to the will and against the consent of the plaintiff, the defendants wrongfully dismissed and discharged the plaintiff from their employment, and refused to allow the plaintiff to work for them in the employment mentioned in said contract, whereby plaintiff lost the wages and profits and advantages which he would have derived from being continued in said employ, was thrown out of work, and was unable to get any employment for a long space of time, to wit, for four months.   A second count alleges that on the 14th day of October, 1882, defendants entered into another contract with plaintiff, and in consideration that plaintiff would work for them promised and agreed to employ the plaintiff for three years as cutter in defendants' merchant tailoring department, and pay him, as such cutter, at the rate of $3500 each year, as earned, in sums and at times desired by plaintiff; that plaintiff

entered upon such employment as cutter and worked until about the 5th day of July, 1884, when he was wrongfully and against his will discharged, etc. The plea was the general issue, with notice that plaintiff did not perform the contract on his part, and for that reason they discharged him.

On the trial, after the introduction of the agreement in evidence, it was admitted that the defendants constituted the firm of Heavenrich Bros. & Co. at the time of the making of the contract that is offered in evidence; that plaintiff was discharged on the 7th day of July, 1884; that the defendants paid the plaintiff in full for his services up to the time of his discharge; that upon the 8th day of July the plaintiff served upon the defendants the following notice:

"*Heavenrich Bros. & Co., East Saginaw, Michigan*— GENTLEMEN: I hereby protest against your attempt to cancel our contract. I hold your written agreement for a three years' term of service, from October 2d, 1882. That contract I am ready and willing to perform on my part, and I hereby offer to continue, and request you to furnish me employment, under the terms of that arrangement.

*Dated East Saginaw, July* 8th, 1884.
   [Signed]          THOMAS WILKINSON.

The plaintiff was sworn in his own behalf, and was cross-examined relative to his performance of the contract on his part; but the scope of his evidence was unimportant, in view of the charge given by the court, which was that there was no mutuality in the agreement, for Mr. Wilkinson was not bound to stay three years, and Heavenrich Bros. & Co. could not be bound to keep him three years, and for want of such mutuality the plaintiff could not recover; and he directed a verdict for the defendants.

The conflict of authority upon questions of the kind raised upon this record is truly bewildering, and the cases are incapable of being reconciled with each other; a large and respectable class holding that a contract which the Statute of Frauds declares shall not be valid unless in writing and signed by the party to be charged therewith, need only be signed by the party defendant in the suit, and that it is no objection to maintaining such suit and recovering upon such contract,

that the other party did not also sign and was not bound by its terms. 2 Kent's Com. 510; 2 Stark. Ev. 614; *Smith's Appeal* 69 Penn. St. 480; *Tripp v. Bishop* 56 Penn. St. 428; *Perkins v. Hadsell* 50 Ill. 217; *Old Colony Railroad Corporation v. Evans* 6 Gray 31; *Williams v. Robinson* 73 Me. 186. Another and equally respectable class of jurists hold that unless the party bringing the action is bound by the contract neither is bound because of the want of mutuality. *Lees v. Whitcomb* 3 C. & P. 289; *Sykes v. Dixon* 36 E. C. L. 366: 9 Ad. & El. 693; *Krohn v. Bantz* 68 Ind. 277; *Stiles v. McClellan* 6 Col. 89. And see also as bearing upon the question *Hall v. Soule* 11 Mich. 496; *Scott v. Bush* 26 Mich. 418; *Liddle v. Needham* 39 Mich. 147; *McDonald v. Bewick* 51 Mich. 79. The cases above cited are not intended to be exhaustive on either side of the proposition.

I shall not attempt a reconciliation where reconciliation is impossible; but as the question is new in this State, the Court is left to adopt such view as appears to rest upon principle. It is a general principle in the law of contracts, but not without exception, that an agreement entered into between parties competent to contract, in order to be binding, must be mutual; and this is especially so when the consideration consists of mutual promises. In such cases, if it appears that the one party never was bound on his part to do the act which forms the consideration for the promise of the other, the agreement is void for want of mutuality. *Hopkins v. Logan* 5 M. & W. 241; *Dorsey v. Packwood* 12 How. 126; *Ewins v. Gordon* 49 N. H. 444; *Hoddesdon Gas Co. v. Haselwood* 6 C. B. (N. S.) 239; *Souch v. Strawbridge* 2 M. G. & S. 808; *Callis v. Bothamly* 7 Wkly. R. 87; *Sykes v. Dixon* 9 Ad. & El. 693; Addison on Contracts § 18; Parsons on Contracts 449; *Utica &c. R. R. Co. v. Brinckerhoff* 21 Wend. 139; *Lester v. Jewett* 12 Barb. 502.

Such was the case here. The consideration consisted of mutual promises of the parties, not to be performed within a year from the making thereof. The defendants' promise was in writing, and signed by them; but the plaintiff's promise does not appear in the writing signed by the defendant, nor.

was any note or memorandum made and signed by him promising to labor for defendant three years or any length of time. Plaintiff was never bound by the agreement. There never was, then, any consideration to support defendants' promises. The agreement was void for want of mutuality. The plaintiff was under no legal obligation to work for defendants a moment longer than he chose, and the defendants were under none to keep him in their employment. The plaintiff could neither revive nor make a contract with defendants after he was discharged by them without their consent and concurrence. The letter written after he was discharged was of no avail.

The judgment is affirmed.

The other Justices concurred.