DAVIS v. MICHIGAN MUTUAL LIFE-INSURANCE CO.

STATUTE OF FRAUDS—CONTRACT NOT TO BE PERFORMED WITHIN A YEAR—EVIDENCE.

>In an action for an alleged wrongful discharge from employ-
>ment, plaintiff testified that on June 23d he orally accepted
>defendant's offer of a position at a specified yearly salary;
>that he went to work July 5th, and was paid from the 1st;
>that he told defendant he would like a few days to himself
>before beginning work; but that he had no conversation with
>defendant, subsequent to June 23d, in relation to the employ-
>ment. *Held*, not to show a contract to begin work immedi-
>ately, which was changed by subsequent arrangement, but a
>contract which was to take effect in the future, and which,
>if for a year's service, was void under the statute of frauds.

Error to Wayne; Frazer, J. Submitted May 7, 1901. Decided July 10, 1901.

*Assumpsit* by Jesse B. Davis against the Michigan Mutual Life-Insurance Company for the breach of a contract of employment. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

*Jasper C. Gates*, for appellant.

*Wilkinson, Post & Oxtoby*, for appellee.

MONTGOMERY, C. J. This is an action for damages for alleged wrongful discharge. Plaintiff testified to a conversation with Mr. Looker, the president of defendant company, in February, 1898, in which Mr. Looker offered plaintiff a position in the actuarial department of defendant, and offered to start him in at $1,000 a year, and raise his salary as soon as he learned the working of the office. Plaintiff testified further:

"The next conversation I had with Mr. Looker on this subject was in the latter part of June, just as the time for

school closed. I came to him at that time to tell him that I had made up my mind to resign my position as teacher in the high school, and take up that work. And the definite proposition he had made was again repeated,—that they would give me a thousand dollars a year, and raise my salary as soon as I learned the working of the office. I went to work on the 5th of July."

On cross-examination he testified:

"It would be the last week in June,—at the time when school closed. School closed on June 22d, and it was probably the day after school closed. This conversation occurred somewhere near June 23d.

"*Q.* You never had any other conversation with him, after that, in reference to the employment, until the day you were discharged?

"*A.* No, sir. * * * I went to work for the company on the 5th day of July. I went to Mr. Looker, and told him that I had been working during the year pretty hard; I was tired, and would like to have one or two days' rest between the close of the school term and when I should come to work. They paid me from July 1st. I had this talk with Mr. Looker, stating when I could go to work. It was between the latter part of June—

"*Q.* The 23d?

"*A.* About that time."

Plaintiff testified that he "didn't know when they paid, whether quarterly or at what time," and that "nothing was said about the length of time the employment was to last." Plaintiff received his pay monthly. He was given over a month's notice. There was a conflict in the testimony as to whether there was cause for the discharge. The court instructed the jury that the contract for a year's employment from July 1st could not have been performed within a year, and was, therefore, void under the statute of frauds, and directed a verdict for the defendant. Plaintiff contends:

1. That the testimony does not show that plaintiff's employment was not to begin until July 1st, but, on the contrary, that he was to begin work immediately; and that this was changed by a subsequent arrangement.

2. That the agreement to employ at a yearly salary

constituted an implied contract to employ for one year from the making of the agreement.

We think plaintiff's testimony that he had no other conversation with Mr. Looker, in reference to the employment, after the conversation in which he was hired, until the day he was discharged, is inconsistent with the theory that the arrangement that he should not go to work for a few days was made at a subsequent conversation. His testimony on this subject is easily susceptible of the construction that the entire matter was disposed of at one conversation, and we think this is a necessary construction, in view of the statement just referred to. In finding for plaintiff, the jury would have had to rely upon the conjecture that he did not mean what he said when he testified that there were but two conversations in reference to the employment.

Judgment affirmed.

The other Justices concurred.