CO-OPERATIVE TELEPHONE CO. *v.* KATUS.

1. CONTRACTS — MUTUALITY — TELEPHONE LEASE — STATUTE OF FRAUDS—SIGNING.

   An agreement to rent a telephone for a term of three years at a stipulated rental is within the statute of frauds and not being signed by the telephone company is unenforceable by it for want of mutuality.

2. SAME—DEPENDENT PROVISIONS.

   Where a subscription to the capital stock of a telephone company contained, as required by its by-laws, an agreement to lease a telephone for three years, and it appeared that the lease was an essential part of the subscription, and the subscription would not have been accepted without it, the provisions are dependent, and the lease being unenforceable for want of mutuality the subscription is likewise unenforceable.

Error to Wayne; Mandell, J.   Submitted May 4, 1905. (Docket No. 143.)   Decided June 6, 1905.

Assumpsit by the Co-Operative Telephone Company against Peter Katus on an agreement for the purchase of certain shares of stock. There was judgment for plaintiff on a verdict directed by the court, and defendant brings error. Reversed, and judgment entered for defendant.

*James F. Hill* (*James Swan*, of counsel), for appellant.

*Jasper C. Gates* (*Louis J. Rosenberg*, of counsel), for appellee. ·

McAlvay, J. Plaintiff, a Michigan corporation, sued defendant in assumpsit to recover upon two certain contracts in writing signed by defendant. Under the general issue, defendant gave notice that the contracts were void for want of mutuality, and that the defendant was induced to enter into said contracts by certain false representations of plaintiff, upon which defendant relied. The trial court instructed a verdict for plaintiff for the amount claimed. Defendant appeals, and assigns error upon such instruction of the court, and upon the refusal of the court to instruct a verdict for defendant and to give certain requests to charge.

The contracts are identical in form, except that one includes an agreement to rent a business telephone for the period of three years, and the other a residence telephone for the same period. The following is a copy of one of the contracts:

## "Residence Telephone.

"I do hereby subscribe for one fifty dollar share of the capital stock of the Co-Operative Telephone Company of Detroit, to be paid for in monthly installments of ten dollars each as called in by the board of directors of said company; with the understanding that I am to be paid interest at current savings bank rates upon all moneys so paid in by me until said company shall actually commence the construction of its plant, and thereafter at the rate of 5 % per annum until its telephone exchange shall be actually opened for business.

"This agreement is subject to the provisions of sections 2 and 3 of article 1, and of section 1 of article 3 of the by-laws of said company, copies of which sections are printed on this agreement.

"And I do further agree that I will rent one residence telephone of said company for the period of three years, from the time when the said exchange shall be so opened for business, at the rate of $24 per year, payable quarterly.

"Dated this 29th day of January, 1902.

"(Sgd.)　Peter Katus.

"Witness:

────.

────.

"Article 1.

"Sec. 2. Every subscription to each share of the stock of the company shall also embody a contract for the rental of at least one telephone at the current rate for the term of at least three years."

Section 3, relative to depositing all certificates of stock with city controller, is not material to this case.

Article 3, § 1, relative to issue and transfer of certificates of stock, is not material to this case.

The principal assignment of error relied upon by defendant is the refusal of the court to instruct a verdict for defendant, for the reason that the contracts are void under the statute of frauds for want of mutuality. It will be noted that the contract is made subject to the provisions of section 2 of article 1 of plaintiff's by-laws, which section is printed upon the contract, and is as follows:

"Every subscription to each share of the stock of the company shall also embody a contract for the rental of at least one telephone at the current rate for the term of at least three years."

Each of these contracts embodies such an agreement for the rent of a telephone for three years at the annual rental therein specified. These contracts are not signed by the plaintiff. By the requirement of plaintiff this agreement is made an essential part of the subscription for the stock,

and the evidence in the case shows without dispute that defendant made this contract for the purpose of securing a telephone, and that no contract for subscription of stock would have been accepted without it. It is clear that the agreement to rent a telephone for the term of three years at the stipulated rental is within the statute of frauds, and cannot be enforced for want of mutuality, for the reason that it is not signed by the plaintiff, and could not be enforced against it. *Wilkinson* v. *Heavenrich*, 58 Mich. 574.

The clause in the contract which contains the subscription of defendant for one share of stock cannot be said to be a separate and independent agreement upon which defendant may be held liable, notwithstanding the clear invalidity of the contract already pointed out. This contract must be considered in its entirety. It is in terms as drawn and required by the plaintiff. Its invalidity goes to the whole contract, and neither party could enforce it, or any part of it, against the other.

For the reasons above stated, a verdict should have been directed by the trial judge in favor of defendant. As this disposes of the case, there is no necessity for considering the other errors assigned, or ordering a new trial.

The judgment of the circuit court is reversed, and a judgment entered in this court in favor of defendant.

MOORE, C. J., and CARPENTER, BLAIR, and HOOKER, JJ., concurred.