MCILROY *v.* RICHARDS.

1. SALES—DELIVERY AND ACCEPTANCE—EVIDENCE.
    In an action for the price of corporate stock sold, evidence examined, and *held*, not to show either a delivery or an acceptance of the shares.

2. STATUTE OF FRAUDS—CONTRACT NOT TO BE PERFORMED WITHIN ONE YEAR.
    A writing by which defendant promised to buy of plaintiff two shares of stock a week for 60 weeks, not signed by plaintiff, is void under the statute of frauds.

Error to Wayne; Hosmer, J.  Submitted April 15, 1907.  (Docket No. 102.)  Decided July 1, 1907.

Assumpsit by James C. McIlroy against Richard C. Richards, Charles H. Bockman, and Fred J. Scully for goods sold and delivered.  There was judgment for defendants on a verdict directed by the court, and plaintiff brings error.  Affirmed.

*Moore & Moore*, for appellant.
*Ralph L. Aldrich*, for appellee.

MOORE, J  The plaintiff sued to recover the sum of

$440, which he claims was due him from the defendants. Upon the trial the defendants introduced no testimony. The trial judge directed a verdict for defendants. The case is brought here by writ of error.

Upon the trial the plaintiff testified as follows:

" I am the plaintiff; reside in Detroit; and know the three defendants, and understand the circumstances under which certain stock was sold. At that time the officers of the Detroit Leather Goods Manufacturing Company, Limited, were Mr. Richards, Mr. Scully, and Mr. Bockman, the three defendants. My certificates of stock were then at the office of the company in the company's safe, and they were indorsed in blank so they could be transferred, so that these defendants had the stock in their possession. I don't remember whether they were in blank or not. They might have been made out to me, I don't remember, and the stock was in their possession. While that condition existed I made a contract with them."

The contract reads: .

"Dᴇᴛʀᴏɪᴛ, Mɪᴄʜ., March 5, 1902.
" J. C. MᴄIʟʀᴏʏ,
          "Detroit, Mich.
" *Dear Sir:* Confirming the conversation we have had with you in the past, we hereby agree to purchase from you each week, for a period of sixty weeks, two shares of the capital stock of the Detroit Leather Goods Manufacturing Company, Limited, of Detroit, Mich., for which we will pay you $5.00 per share, or $10 per week, on delivery of certificates, or an assignment or order for the same, duly executed.
          "R. C. Rɪᴄʜᴀʀᴅs.
          "C. H. Bᴏᴄᴋᴍᴀɴ.
          "Fʀᴇᴅ J. Sᴄᴜʟʟʏ."

No agreement was signed by Mr. McIlroy. Later he gave the defendants orders on the company for stock, and was paid therefor. Later he delivered to Mr. Richards the following paper:

"Dᴇᴛʀᴏɪᴛ, April 2, 1904.
" Dᴇᴛʀᴏɪᴛ Lᴇᴀᴛʜᴇʀ Gᴏᴏᴅs Mᴀɴғɢ. Co., Limited.
" *Gentlemen:* Please deliver to R. C. Richards, Chas.

A. Bockman or F. W. Scully, certificates for eighty-eight shares of my stock in your company, and oblige,

"Yours truly,

[Signed]          "J. C. McILROY."

The plaintiff testified that when he tendered this order Mr. Richards laid it on his desk and said: "That amounts to nothing." He also testified:

"In the meantime I had a talk with Mr. Richards about payments. The explanation given for their failure to pay was that they did not have the money. Mr. Richards offered me a note. I did not take it. I told him I would take it if the bank would take it—the bank where he did business. I went to see, and talked with the cashier, and he said he would not accept it; wanted to have a discount; that was the time I think I delivered the 88 shares and he wanted to pay me in a note. * * *

"After Mr. Richards offered the note, and I found I could not use it, the only explanation they made to me at that time as to why they did not pay was that they did not have the money. That was the only reason given."

It is the claim of the appellant that all the stock covered by the contract was delivered to the defendants, so that the statute of frauds does not apply:

"(a) The order for 88 shares for the purchase price of which this suit is brought was delivered to and accepted by the defendants, and nothing remained but for them to pay the purchase price.

"It was immaterial whether the original contract was or was not valid. The acceptance of the order for the 88 shares of stock and the agreement to pay obligated the defendants, regardless of whether the original contract was binding upon them or not.

"(b) All the stock covered by the contract was delivered to the defendants. In fact it was in the possession of the defendants at the time the sale was made, and has always remained in their possession. Therefore the transaction was goods sold and delivered to be paid for at the rate of $10 a week, and the fact that the payments were not to be completed within one year did not invalidate the contract."

We have quoted all the testimony bearing upon the

question of an acceptance and delivery, and we think it fails to show either as to the 88 shares of stock now in controversy.

It is the claim of defendants that as plaintiff did not bind himself to sell the shares of stock, and as the agreement was not to be performed within one year, the case was within the statute of frauds. The trial court held with the defendants, basing his decision upon *Wilkinson* v. *Heavenrich*, 58 Mich. 574. We think that case controls the one at bar.

Judgment is affirmed.

MCALVAY, C. J., and MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.