|150	159|
|154	¹199|

ORR *v.* KENNY.

1. STATUTE OF FRAUDS—SALE OF GOODS—SUFFICIENCY OF MEMORANDUM—MUTUALITY.

    A writing signed by defendant, which states that he has sold certain goods to plaintiff for delivery on a day stated, and acknowledges the receipt of a part payment, is not void for want of mutuality, nor otherwise objectionable because not signed by plaintiff nor dated, nor does it lack consideration.

2. SALES—BREACH BY SELLER—DAMAGES—BURDEN OF PROOF.

    In an action by a buyer against a seller of goods for failure to deliver, the burden is upon defendant to show that plaintiff could have supplied himself with the goods at a less price than he actually did pay.

3. DAMAGES—RULE—DIRECTION OF VERDICT—ERROR.

    Where no complaint is made by defendant regarding a rule of damages announced in the instructions, the application of which shows that the damages exceed the amount of the verdict and judgment, he can predicate no error upon the amount of damages for which the verdict was directed.

Error to Sanilac; Beach, J. Submitted October 22, 1907. (Docket No. 108.) Decided December 10, 1907.

Assumpsit by Clare Orr against David J. Kenny for breach of a contract for the sale of certain lumber. There was judgment for plaintiff on a verdict directed by the court, and defendant brings error. Affirmed.

*F. S. Viets*, for appellant.

*W. H. Burgess*, for appellee.

BLAIR, J. This action was originally brought in justice's court to recover damages alleged to have been sustained by reason of the failure of defendant to deliver certain pieces of timber under an alleged contract, which reads as follows:

" I hereby bargain and sell to Clare Orr, at $13.75 per thousand, delivered at Sandusky, Michigan, the follow-

ing: 124 pieces 2½ by 10, 10 feet long; 384 pieces 2 by 8, 18 feet long; 172 pieces 2 by 12, 18 feet long. The above joists to be tamarack except the 2 by 12 x 18 feet, which can be furnished in maple if it cannot be furnished in tamarack. ' All joists to be of good sound timber suitable for joist. Received on the above $5.00. Delivery by April 15th.

"DAVID J. KENNY."

Defendant pleaded the general issue, with notice "that the only contract, if any, entered into by and between the said plaintiff and this defendant was void under the statute of frauds and for want of mutuality." The judgment having passed against defendant in justice's court, he appealed the case to the circuit court, where, upon conclusion of the testimony, verdict was directed for the plaintiff for damages to the amount of $200. Judgment was entered upon this verdict, and defendant has removed the record to this court for review upon writ of error. When the alleged contract was offered in evidence, defendant's counsel made the following objection:

" That is objected to as it does not contain the necessary requisites of a contract. It is not dated. There is no consideration for it; it is signed by only one of the parties, and there is no mutuality about it. It does not bind the plaintiff in this case to accept the goods. It is void for want of mutuality."

The objection was overruled and exception taken by defendant. The ruling of the court, admitting this contract and treating it as valid in directing a verdict for plaintiff, is made the subject of the principal assignments of error in the case, and almost the entire brief of defendant's counsel is devoted to sustaining his contention that the contract was invalid for the reasons given. The ruling of the court was not erroneous but was in accord with previous holdings of this court. *Miller* v. *Smith,* 140 Mich. 524.

The only other assignment of error which seems to be argued in defendant's brief is the eighth, which is as follows:

" The court erred in directing a verdict for the plaintiff for $200, there being no evidence of any such amount of damages."

All that is said with reference to this assignment in the brief is the following:

"We contend that, under the rules of practice as laid down by this court, our exceptions are well taken and the honorable trial judge erred in taking the case from the jury and directing a verdict of $200 when there was no evidence from any source of that amount of damages."

Plaintiff's testimony was to the effect that, although he made diligent efforts to procure the timbers at Sandusky in accordance with the specifications of the contract, he was unable to do so there or elsewhere, but was obliged to fill the contract with hemlock, the cheapest timber which he could procure to take the place of the timber specified. The best price at which he could purchase the hemlock was $25 per thousand. His testimony also tended to show that tamarack was better for the purpose for which he required the timber than hemlock, and that he did purchase the hemlock at $25 a thousand to take the place of the timber which defendant had agreed to deliver. The burden of proof was upon the defendant to show, if he could, that plaintiff could have procured timber at less price than he actually did pay, but the evidence produced by him fell far short of such proof, and, in fact, was in harmony with plaintiff's proofs. No complaint is or was made of the rule of damages stated by the court as "the difference between the contract price and the price he had to pay for timber as a substitute." Accepting this as the proper measure of damages, the testimony showed that the damages exceeded $200.

Judgment affirmed.

GRANT, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.