ADAMS *v.* HARRINGTON HOTEL CO.

STATUTE OF FRAUDS — CONTRACT NOT TO BE PERFORMED WITHIN
ONE YEAR—VALIDITY—MUTUALITY.

A contract in writing by the terms of which plaintiff was to fur-
nish, and defendant to exhibit, in its hotel, an advertising
cabinet, for the term of six years, plaintiff to change the cab-
inet every two years, was a contract which by its terms was
not to be performed within one year, and, not being signed by
plaintiff, was void as to him, and hence unenforceable by him,
as lacking mutuality. Section 9515, 3 Comp. Laws.

Error to St. Clair; Tappan, J. Submitted July 1,
1908. (Docket No. 123.) Decided September 10, 1908.

Assumpsit by John Q. Adams against the Harrington
Hotel Company on a contract for certain advertising.
There was judgment for defendant, and plaintiff brings
error. Affirmed.

*Avery & Walsh*, for appellant.

*Phillips & Jenks*, for appellee.

MOORE, J. This case was tried before the circuit judge
without a jury. At the request of the plaintiff the judge
made findings of fact and law. The court rendered judg-
ment for defendant. Exceptions were taken to his find-
ings. The case is brought here by writ of error. The
facts are not in dispute. The defendant delivered to the
plaintiff a paper reading as follows:

"PORT HURON, 6–16, 1903.
"In consideration of the Adams Advertising Agency
of Omaha, Neb., supplying us with one of their ink well
and stationery counter cabinets, like photo, of Los Angeles
Mexican onyx & silver, holding elc. light, free of charge,
we agree to place same upon our office counter and make
it a permanent fixture thereon for a term of two years.

We agree to keep said cabinet in good order, and refer our guests seeking purchases or professional services to the cards thereon whenever opportunity affords. This contract is made for a term of six years, with a change of cabinet each two years.

"A. C. STUART, Manager,
"Harrington Hotel."

This paper was not signed by plaintiff, nor did he sign any other paper relating thereto. He solicited advertisements from the business men at Port Huron which he expected to place in the cabinet, for which they were to pay him $318. The cabinet was shipped to the defendant, who notified plaintiff that it would not be received and was subject to his order, and it was returned to plaintiff. Plaintiff claims he is entitled to a judgment for $318, the amount he would have received for the advertisements.

The court found that the cabinet was suitable in workmanship and in material, and was in full performance of the requirements of the agreement, but held that the agreement was unilateral, and the plaintiff was not bound by its terms. Counsel for appellant insist:

"A promise upon a condition to be performed by the other party is a valid contract when the condition is performed. It is then clothed with a valid consideration which relates back to the promise, and it then becomes valid as an express promise. *People* v. *Taylor*, 2 Mich. 254.

"'Want of mutuality in the inception of the contract may be remedied by the subsequent conduct of the parties, or by the execution of the agreement.' 7 Am. & Eng. Enc. Law (2d Ed.), p. 115.

"'It is now generally held that if a proposition be made, to be accepted within a given time, it constitutes a continuing offer, which, however, may be retracted at any time. But if, at any time before it is retracted, it is accepted, such offer and acceptance constitute a valid contract.' *Cooper* v. *Lansing Wheel Co.*, 94 Mich. 272.

"See, also, *Miller* v. *Smith*, 140 Mich. 524; *Orr* v. *Kenny*, 150 Mich. 159.

"Where the vendee accepts the proposal and pays money on it, the element of mutuality is supplied and the

contract is binding. *Mull* v. *Smith,* 132 Mich. 618. In our case the expenditure of money on the cabinet and sending it to defendant supplies the element of mutuality."

One trouble with this contention is that it overlooks some of the conditions stated in the paper signed by the defendant. It is stated therein that the cabinet shall be placed upon the office counter and made a permanent fixture thereon for two years. It is also stated therein "this contract is made for a term of six years, with a change of cabinet each two years." It is apparent that the contract, if it is to be regarded as a contract, cannot by its terms be completed in one year. It is also evident that the change of cabinet each two years must be made by plaintiff, and yet he has signed no agreement to make said change. It is clear, we think, that the contract is void under the provisions of section 9515, 3 Comp. Laws, because the agreement which is to be performed by the plaintiff cannot be performed in one year from the making of the agreement. See *Wilkinson* v. *Heavenrich,* 58 Mich. 574, where there is a full discussion of the principle involved. See, also, *Davis* v. *Insurance Co.,* 127 Mich. 559; *Co-operative Telephone Co.* v. *Katus,* 140 Mich. 367; *McIlroy* v. *Richards,* 148 Mich. 694.

Judgment is affirmed.

GRANT, C. J., and MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.