### WILLEBRANDT *v.* SISTERS OF MERCY.

1. FRAUDS, STATUTE OF—WORK AND LABOR—MATERIALS—CONTRACTS —VALIDITY—EXISTENCE OF SUBJECT-MATTER.

An order for the purchase of sterilizers to be used in connection with certain plumbing, which did not show upon the face of the writing that the goods were to be manufactured, and which further indicated that a portion of the order was already manufactured, was not within the exception to the statute of frauds recognized in the case of materials to be manufactured before delivery pursuant to the contract.[1]

2. SAME—MUTUALITY—WRITTEN CONTRACT.

Unless the contract to purchase goods of the value of $50 and upwards, which are in existence at the time the agreement is entered into, is in writing and signed by both parties, it is not mutual and binding and is void under the statute of frauds.

Error to Kent; Perkins, J. Submitted January 5, 1915. (Docket No. 9.) Decided April 6, 1915.

Assumpsit by Emil Willebrandt and another

---

[1] On the question of the distinction between sales and contracts for work and labor, see notes in 14 L. R. A. 230; 30 L. R. A. (N. S.) 319, and 43 L. R. A. (N. S.) 97.

against the Sisters of Mercy, a corporation, for goods sold and delivered. Judgment for defendant upon directed verdict. Plaintiffs bring error. Affirmed.

*Smedley & Linsey,* for appellants.

*Charles A. Watt (Joseph Renihan,* of counsel), for appellee.

MOORE, J. Plaintiffs are manufacturers of sanitary furniture in St. Louis, Mo. Emil Willebrandt was their traveling man in Michigan, and had talked with a Sister in Grand Rapids in regard to the equipment of the new St. Mary's Hospital. January 25, 1911, he obtained the following paper:

"Art Aseptible Furniture Company.
            "ST. LOUIS, Mo., Date 1-25-11.
"Sold to St. Mary's Hospital.
"Address: Grand Rapids, Mich.
"Ship by C. & A. R. R.
"Terms: $100 per month.

| | |
|---|---:|
| 1 No. 1111 sterilizer, 16 in. x 24 in. size...... | $320 00 |
| 1 No. 1159 water sterilizer, 2 tanks, 16 in. x 36 in., with filters........................ | 400 00 |
| 1 No. 1061 utensil sterilizer, 20 in. x 24 in. x 22 in. .................................... | 125 00 |
| 1 No. 1051 Fust sterilizer ................... | 60 00 |
| *Basement.* | |
| 1 No. 1061 utensil sterilizer ................. | 125 00 |
| 1 No. 1051 Fust sterilizer ................... | 60 00 |
| | $1,090 00 |
| Less 20 per cent........................ | 218 00 |
| | $872 00 |
| 1 secondhand water sterilizer, 14 in. x 30 in., net ..................................... | 128 00 |
| | $1,000 00 |

"All to be steam heated.
"We have examined above and terms and prices are as agreed upon.

"Goods to be shipped as soon as possible, but date of delivery not agreed upon.

"Transportation charges paid by consignee.

"This order is not subject to cancellation.

"Title of above goods remains with Art Aseptible Furniture Company until last payment is made.

"There are no agreements or representations except those set forth above.

[Signed] "Sisters of Mercy,<br>"Grand Rapids, Michigan."

Later the following letter was sent:

"Under the Management of Sisters of Mercy St. Mary's Hospital.

"Grand Rapids, Mich., March 15, 1911.

"Art Aseptible Furniture Co.,

"St. Louis, Missouri.

*"Dear Sirs:*

"We will have to cancel the order for the sterilizers ordered of Mr. Willebrandt on Jan. 25. So please do not send them as we do not think they will be what we want, and can not have them put in. Hoping this will settle the matter we are,

"Yours respectfully,<br>"Sisters of Mercy,<br>"Grand Rapids, Mich."

The parties being unable to agree, this litigation ensued. The case was tried before the judge without a jury. From a judgment in favor of the defendants, the case is brought here by writ of error.

The trial judge was of the opinon that, as the plaintiffs had not accepted the contract in writing, it could not be enforced.

The plaintiffs offered testimony over objection tending to show the Sister who gave the order knew the goods were to be manufactured; that after the order was received the manufacturing was entered upon, and was in progress when the letter countermanding the order was received; that the work was then discontinued and has not been resumed.

It is claimed plaintiffs should have been allowed to

recover their damages. The argument is that the contract was one for work, labor, and materials furnished, and was not one for a sale of goods, wares, and merchandise, and was not within the statute of frauds.

Counsel rely for this proposition and also for the proposition that oral testimony was competent, upon the case of *In re Gies' Estate,* 160 Mich. 502 (125 N. W. 420, 30 L. R. A. (N. S.) 318, 19 Am. & Eng. Ann. Cas. 1288), and the cases cited therein. An examination of the case will show that the order therein involved showed upon its face there was work to be done upon the goods in controversy, before they could be delivered; that the goods were in fact completed, and an attempt made to deliver them before the order was countermanded. In the instant case there is nothing in the order to indicate the goods were not in existence when the order was given. Indeed, one of the items in the order was, "1 secondhand water sterilizer,  *  *  *  net $128," indicating clearly that some of the goods were in existence. See *Atwater* v. *Hough,* 29 Conn. 508 (79 Am. Dec. 229). Again, the order states:

"There are no agreements or representations except those set forth above."

The order was not accepted in writing by the plaintiffs.

In *Wilkinson* v. *Heavenrich,* 58 Mich. 574 (26 N. W. 139, 55 Am. Rep. 708), Justice CHAMPLIN, speaking for the court, said:

"The conflict of authority upon questions of the kind raised upon this record is truly bewildering, and the cases are incapable of being reconciled with each other; a large and respectable class holding that a contract, which the statute of frauds declares shall not be valid unless in writing and signed by the party to be charged therewith, need only be signed by the

185 Mich.—24.

party defendant in the suit, and that it is no objection to maintaining such suit and recovering upon such contract that the other party did not also sign and was not bound by its terms. 2 Kent's Com. 510; 2 Stark. Ev. 614; *Smith's Appeal,* 69 Penn. St. 480; *Tripp* v. *Bishop,* 56 Penn. St. 428; *Perkins* v. *Hadsell,* 50 Ill. 217; *Old Colony Railroad Corporation* v. *Evans,* 6 Gray [Mass.] 31 [66 Am. Dec. 394]; *Williams* v. *Robinson,* 73 Me. 186 [40 Am. Rep. 352]. Another and equally respectable class of jurists hold that, unless the party bringing the action is bound by the contract, neither is bound because of the want of mutuality. *Lees* v. *Whitcomb,* 3 C. & P. 289; *Sykes* v. *Dixon,* 36 E. C. L. 366, 9 Ad. & El. 693; *Krohn* v. *Bantz,* 68 Ind. 277; *Stiles* v. *McClellan,* 6 Colo. 89. And see, also, as bearing upon the question, *Hall* v. *Soule,* 11 Mich. 496; *Scott* v. *Bush,* 26 Mich. 418 [12 Am. Rep. 311]; *Liddle* v. *Needham,* 39 Mich. 147 [33 Am. Rep. 359]; *McDonald* v. *Bewick,* 51 Mich. 79 [16 N. W. 240]. The cases above cited are not intended to be exhaustive on either side of the proposition.

"I shall not attempt a reconciliation where reconciliation is impossible; but, as the question is new in this State, the court is left to adopt such view as appears to rest upon principle. It is a general principle in the law of contracts, but not without exception, that an agreement entered into between parties competent to contract, in order to be binding, must be mutual; and this is especially so when the consideration consists of mutual promises. In such cases, if it appears that the one party never was bound on his part to do the act which forms the consideration for the promise of the other, the agreement is void for want of mutuality. *Hopkins* v. *Logan,* 5 M. & W. 241; *Dorsey* v. *Packwood,* 12 How. 126; *Ewins* v. *Gordon,* 49 N. H. 444; *Hoddesdon Gas Co.* v. *Haselwood,* 6 C. B. (N. S.) 239; *Souch* v. *Strawbridge,* 2 M., C. & S. 808; *Callis* v. *Bothamly,* 7 Wkly. R. 87; *Sykes* v. *Dixon,* 9 Ad. & El. 693; Addison on Contracts, § 18; Parsons on Contracts, 449; *Utica, etc., R. Co.* v. *Brinckerhoff,* 21 Wend. [N. Y.] 139 [34 Am. Dec. 220]; *Lester* v. *Jewett,* 12 Barb. [N. Y.] 502."

See, also, *Davis* v. *Insurance Co.,* 127 Mich. 559 (86

N. W. 1021) ; *Co-operative Telephone Co.* v. *Katus,*
140 Mich. 367 (103 N. W. 814, 112 Am. St. Rep. 414) ;
*McIlroy* v. *Richards,* 148 Mich. 694 (112 N. W. 489) ;
*Adams* v. *Hotel Co.,* 154 Mich. 198 (117 N. W. 551,
19 L. R. A. [N. S.] 919). We think these cases are
controlling.

Judgment is affirmed.

BROOKE, C. J., and MCALVAY, KUHN, STONE, OS-
TRANDER, BIRD, and STEERE, JJ., concurred.