MATCHLESS ELECTRIC CO. *v.* MORLEY BROTHERS.

1. Sales—Frauds, Statute of—Acceptance.
   Where seller shipped goods on written order without accepting it in writing, contract is void under statute of frauds (3 Comp. Laws 1915, § 11835), unless goods are accepted by buyer.

2. Same—What Constitutes Acceptance.
   There is acceptance when buyer expresses by words or conduct his assent to becoming owner of specific goods (3 Comp. Laws 1915, § 11835 [3]), or when he intimates to seller that he has accepted them, or when goods have been delivered and he does any act in relation to them inconsistent with ownership of seller, or when, after lapse of reasonable time, he retains goods without intimating to seller that he has rejected them (3 Comp. Laws 1915, § 11879).

3. Same—Rejection—Waiver.
   Where, after rejection, buyer conducts himself towards goods in manner inconsistent with rejection or with seller's absolute ownership, buyer waives rejection.

4. Same—Continued Retention and Inspection Waives Rejection.
   Where buyer's rejection of goods shipped was based on terms of payment, and was not repeated after seller's correction of complaint, buyer's continued retention and inspection of goods waived said rejection.

5. Same—Buyer Must Act Within Reasonable Time.
   It is buyer's duty to make such inspection as it desires, and to accept or reject goods within reasonable time.

6. Same—Rejection—Unreasonable Delay—Acceptance.
   Where buyer inspected goods and claims to have found them defective on December 20th, but did not reject them until February 4th, said delay was unreasonable, and, in absence of explanation thereof, acceptance resulted as matter of law.

7. Same—Act Inconsistent With Rejection—Acceptance in Law.
   Buyer's action in ordering goods returned to it after it had rejected and shipped them to seller was an act inconsistent with seller's ownership, and constituted acceptance in law.

Error to Saginaw; Martin (William H.), J. Submitted October 8, 1930. (Docket No. 34, Calendar No. 35,159.) Decided December 2, 1930.

Assumpsit by Matchless Electric Company, Incorporated, an Illinois corporation, against Morley Brothers, a Michigan corporation, on a contract. From directed verdict and judgment for plaintiff, defendant brings error. Affirmed.

*Pierson & McLaughlin*, for plaintiff.

*O'Keefe & O'Keefe*, for defendant.

FEAD, J. November 10, 1927, defendant gave plaintiff a written and signed order for some 8,000 flashlights and automobile bulbs for immediate delivery, via Pere Marquette railroad, and billing as of February 1st, 2 per cent. March 10th. The goods were delivered to the railroad company December 6th and received in defendant's receiving room December 10th. Defendant made no complaint of delay in delivery, but, on the contrary, on December 7th, after the goods were shipped but before received, it wrote plaintiff to delay shipment until further orders. On December 13th, after it had examined some of the bulbs and claims to have found them defective, it wrote plaintiff, calling attention to the order and billing and to its letter to withhold shipment, and stated:

"We are in receipt of invoice of December 6th and notice you have these billed on the terms 2% 10 days 30 days net, and wish to advise at this time that we cannot use these bulbs.

"If you wish to consign these bulbs to us until March 10th, we are willing to give them a try-out, otherwise request that you give us shipping instructions for their return."

Plaintiff answered on December 14th, correcting the error in billing, and did not mention defendant's suggestion of consignment or return. Defendant, on or before December 20th, examined some 1,270 of the bulbs, and claimed it found 500 defective. It said nothing to plaintiff until February 4th, when it wrote that it had given the bulbs a try-out, did not wish to continue their sale, and had returned them by prepaid freight. Plaintiff refused the return shipment, and, on February 7th, defendant wrote that the bulbs were defective in certain particulars, stated it did not care to stock them, it would instruct the railroad company to return the bulbs and would hold them subject to plaintiff's order and storage charges. The shipment was returned to defendant and later further inspected by it.

This suit is for the purchase price of bulbs. The court directed a verdict for plaintiff. The various contentions of defendant resolve themselves ultimately into the question of whether defendant, as a matter of law, accepted the goods. If it did, the contract of sale was complete, and the delay in delivery excused.

Because the original order was not accepted by the plaintiff in writing, the contract to purchase was void under the statute of frauds, unless the goods were accepted by defendant. 3 Comp. Laws 1915, § 11835; *Willebrandt* v. *Sisters of Mercy*, 185 Mich. 366. There is an acceptance when the buyer "expresses by words or conduct his assent to becoming the owner of those specific goods," 3 Comp. Laws 1915, § 11835 (3), or—

"The buyer is deemed to have accepted the goods when he intimates to the seller that he has accepted them, or when the goods have been delivered to him, and he does any act in relation to them which is in-

consistent with the ownership of the seller, or when, after a lapse of a reasonable time, he retains the goods without intimating to the seller that he has rejected them." 3 Comp. Laws 1915, § 11879.

The notice of December 13th is relied upon as a final rejection of the bulbs. Where, after rejection, the buyer conducts himself toward the goods in a manner inconsistent with the rejection or with the seller's absolute ownership of the property, he waives the rejection. *Foster* v. *Rowley,* 110 Mich. 63; *Kupfer* v. *Michigan Clothing Co.,* 141 Mich. 325; *Hakes* v. *Thayer,* 165 Mich. 476; *Cream City Glass Co.* v. *Friedlander,* 84 Wis. 53 (54 N. W. 28, 36 Am. St. Rep. 895, 21 L. R. A. 135). Defendant's failure to repeat the rejection after the immediate correction of the only complaint it made in the letter of December 13th, its continued retention of the goods and inspecting them and final rejection on another ground were not consistent with the original rejection and waived it. The case stands as though it had not been made.

It was defendant's duty to make such inspection as it desired, and to accept or reject the goods within a reasonable time. It claimed it ascertained by December 20th that as many as 40 per cent. of the bulbs examined were defective. No reason was shown for delay, and the notice of rejection on February 4th and 7th contained nothing which defendant had not discovered before December 20th. The time elapsing was clearly unreasonable and resulted in an acceptance of the goods as a matter of law. *Foster* v. *Rowley, supra; Sisson Lumber & Shingle Co.* v. *Haak,* 139 Mich. 383; *Stone* v. *Frohlich,* 168 Mich. 128.

Aside from all other considerations, defendant's action in ordering the bulbs returned to it and con-

tinuing to hold them, after it had rejected and shipped them to plaintiff, was an act inconsistent with the ownership of plaintiff and constituted an acceptance in law. *Kupfer* v. *Michigan Clothing Co., supra.*

Judgment is affirmed.

Wiest, C. J., and Butzel, Clark, McDonald, Potter, Sharpe, and North, JJ., concurred.