HARRISON GRANITE CO. *v.* STEPHENS.

CONTRACTS—IMPLIED OR QUASI CONTRACTS—QUANTUM MERUIT—
EXTRA LABOR—EXCUSES FOR NONPERFORMANCE.
No action may be maintained for extra labor caused by quick-
sand which is found in soil upon which a mausoleum was to
be erected under a contract to furnish and erect the same
upon a proper foundation; although the contract specified a
smaller excavation which proved to be insufficient, since it
was the duty of the plaintiff to provide a sufficient founda-
tion and no promise to pay for the required work can be im-
plied.

Error to Ottawa; Padgham, J.  Submitted June 18,
1909.  (Docket No. 31.)  Reargued January 4, 1910.
Decided March 5, 1910.

Assumpsit by the Harrison Granite Company against
George A. Stephens and others for interest on deferred
payments, and for extra work.  A judgment for plaintiff
is reviewed by defendants on writ of error.  Reversed,
and judgment entered for the amount of interest only.

*Nims, Hoyt, Erwin, Vanderwerp & Foote*, for ap-
pellants.
*Smith, Baldwin & Alexander*, for appellee.

BLAIR, J.  This is an action of assumpsit to recover
the interest due on certain deferred payments, and for
certain extra work performed by plaintiff.

On the 17th of November, 1902, the parties entered into
a written contract, whereby the plaintiff agreed to furnish
and set complete, upon a foundation provided by itself, to
be placed, according to cemetery rules and regulations, on
defendants' burial lot in Riverside Cemetery at Moline,
Ill., a family mausoleum, for which defendants agreed to
pay $22,000.  The contract, with the plans, designs, and
specifications, furnished to and approved by defendants,

provided in minute detail for the erection of the structure. Among other things, it was provided that the excavation for the basement should be to a depth of 10 feet. Plaintiff began excavating, under the contract, June 12, 1903, and when the work had proceeded to nearly the depth of the required 10 feet, it was discovered that the bottom was quicksand, and it became necessary to excavate to a depth of nearly 20 feet in order to obtain a solid footing for the foundation. Neither party had made soundings to determine the character of the soil of the lot, and both supposed it to be what it appeared to be on the surface. It was impossible to erect the building on the lot without doing the extra excavating. Defendants denied plaintiff's right to compensation for the extra excavation, and, refusing to pay anything unless such claim were withdrawn, plaintiff commenced this suit. Soon after commencement of suit defendants paid the contract price, and it is conceded that plaintiff was entitled to a judgment for interest on deferred payments, amounting to the um of $810.75. The case was tried by the court without a jury, and the court found, as a conclusion of law from the facts found, that plaintiff was entitled to recover for the additional excavation—

" Both on the law requiring payment where a valuable service has been performed by one, and another has the benefit of it, by implied contract to pay a reasonable price for such service, and on principle, when it becomes necessary to do extra work not provided for in the contract, to save the subject-matter of the contract from loss or destruction."

Defendants bring the record to this court for review upon writ of error.

The general principle oi law which underlies this case is well established. If a man bind himself by a positive, express contract to do an act in itself possible, he must perform his engagement, unless prevented by the act of God, the law, or the other party to the contract. *Stees* v. *Leonard*, 20 Minn. 494; *School Trustees of Trenton* v.

*Bennett*, 27 N. J. Law, 513 (72 Am. Dec. 373); *Dermott v. Jones*, 2 Wall. (U. S.) 1.

In the present case the plaintiff bound itself by a positive, express contract to furnish and set complete, "not later than the last day of September, 1903," a mausoleum with a foundation at a depth of 10 feet, for which completed building defendants agreed to pay the sum of $22,-000. It was clearly possible for the plaintiff to discharge the obligation which it assumed, to furnish a completed mausoleum, since it actually did so. The fact that it was compelled, through the nature of the soil, to excavate deeper than was expected, did not operate to relieve it in law from the performance of its agreement, nor to charge the defendants with the expense thereof. The defendants were not guilty of any fraud or misrepresentation with reference to the character of the soil, and were as ignorant thereof as the plaintiff. As between the two innocent parties, the plaintiff, not having guarded itself in the contract it prepared against the contingency of an infirm soil, must, under the authorities cited above, bear the extra expense of making good its covenant.

Since it was the duty of the plaintiff, under its contract, to make the extra excavation, the law will imply no promise on the part of the defendants to pay therefor because of their knowledge that the additional work was being done, and presence at the same without protest. When notified that plaintiff would look to them for compensation for the extra work, defendants promptly repudiated any liability therefor, and the record discloses nothing to indicate any promise on their part, express or implied, to pay for the extra work, or request that it should be done.

The judgment is reversed, and a judgment may be entered in the court below for the sum of $810.75, with interest thereon from the date of the original judgment.

MONTGOMERY, C. J., and OSTRANDER, HOOKER, MOORE, McALVAY, BROOKE, and STONE, JJ., concurred.