**RAMSAY & GATLIN CONST. CO. et al. v. VINCENNES BRIDGE CO.**

No. 5446.

Circuit Court of Appeals, Sixth Circuit.
June 9, 1931.

H. R. Dysard, of Ashland, Ky. (Dysard & Miller, of Ashland, Ky., on the brief), for appellants.

Frank Malin, of Ashland, Ky., and Seymour Riddle, of Terre Haute, Ind. (Hager, Prichard & Malin, of Ashland, Ky., on the brief), for appellee.

Before DENISON, and MACK, Circuit Judges, and RAYMOND, District Judge.

PER CURIAM.

The Bridge Company, as plaintiff brought this suit in the court below against the Construction Company and the Guaranty Company. The Bridge Company became the subcontractor in the erection of a hotel, pursuant to a contract between the owner and the Construction Company, and in pursuance of which contract the Construction Company, as principal, and the Guaranty Company, as surety, gave to the owner a bond which provided for, among other things, "payment of all labor and material furnished to the contractor." The Bridge Company, being unpaid, brought this suit in the court below against the Construction Company and the surety and recovered judgment. On appeal therefrom to this court the first question presented was whether, under the applicable law, the Bridge Company could sue upon this bond to which it was not a party, and being without the aid of any statutory authority so to do. We certified this question to the Supreme Court. That court has now dismissed the certificate, holding that an answer is unnecessary, because in a suit upon the same bond, and by decision rendered since our certificate, the Kentucky Court of Appeals (Ætna Casualty & Surety Co. v. Wheeler & Putnam, 239 Ky. 247, 39 S.W. (2d) 234) has held that one in plaintiff's position has a right of action, and because we should follow that decision (51 S. Ct. 484, 75 L. Ed. ——).

There remains for decision by us only the question as to whether the jury was correctly charged regarding the measure of damages which the Construction Company wished to offset against the subcontract price because of the subcontractor's delay. The record presents a confused issue as to how much of this delay was respectively due to the default of the subcontractor and to the owner's requirement, acquiesced in by the contractor, for "extras." This was a subject-matter especially fit for arbitration and decision by the architect as the contract provided; but for some reason, which the record does not reveal, both parties joined in discarding the architect and substituting a jury.

The general rule undoubtedly is, that where the contract provides that the contractor shall pay the owner a penalty for delay beyond the agreed time, and the subcontractor agrees with the contractor to indemnify him against such a penalty, so far as caused by the subcontractor's default, and delay is caused by the owner's requirement of extra work, there is no liability against contractor or subcontractor for the delay penalty so resulting. (Cases cited in 9 C. J. 787.) The court charged accordingly in general effect; but there was specific contest as to two items. One was that after the building contracts were made the architects changed their drawing for the structural steel work which the Bridge Company was to perform, so as to require additional bracing. The other item was that it developed, as had been the fact but as had not been observed, that an adjacent building so overhung the new wall that it was necessary to cut some channels in the side wall of this adjacent building. The additional bracing seems to be extra work which the owner might require and which would pro tanto postpone the penalty date. The channeling, though not included in the specifications, was work necessarily incidental to the contract performance; its necessity was as obvious to the Bridge Company as to any one else; and it is to be classed with those unexpected difficulties which develop, the burden of which the contractor must carry and which will not excuse delay. It is strictly comparable to nonanticipated rock blasting in the excavation (6 R. C. L. 909, Sec. 295; 9 C. J. 847, Sec. 186; Harrison Granite v. Stephens, 160 Mich. 51, 125 N. W. 36),

rather than to delivering the site, ready to begin.

Our conclusions as to these two items are based upon the record before us, which does not include the specifications themselves, but only general statements.

For the error stated, the judgment must be reversed, and the case remanded for a new trial.